## STREET v. FERNDALE BOARD OF EDUCATION.

1. COURTS—MOOT QUESTION—PUBLIC QUESTION—TEACHER TENURE.

   Determination of a question as to plaintiff's right to tenure as principal in defendant school district for period of contract now expired is made notwithstanding it is patently moot, since it is a matter of public importance.

2. STATUTES—CONSTRUCTION—UNAMBIGUOUS LANGUAGE.

   Unambiguous statutory language may not be disregarded by the interpreter thereof in deference to what he determines to be and invokes as the spirit of the statute.

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE—ADMINISTRATIVE CAPACITY.

   The teacher tenure act explicitly provides that tenure is not acquired in administrative capacities when expressly excluded by contract (CL 1948, § 38.91).

4. SAME—PRINCIPAL—DEMOTION—VISITING TEACHER—SALARY.

   Plaintiff who was hired as a teacher under a contract vesting the superintendent of schools of the defendant district with discretion to assign and transfer him and withholding tenure in the capacity of principal, and who was subsequently designated as principal, was not *demoted*, as the term is used in the teacher tenure act, by a later designation as a visiting teacher, where his salary was not reduced (CL 1948, §§ 38.74, 38.91).

5. SAME—JURISDICTION OF STATE TENURE COMMISSION.

   The State tenure commission had no jurisdiction over controversy between plaintiff who had no tenure as a principal, but who

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Courts § 49.
[2] 50 Am Jur, Statutes § 302.
[3] 47 Am Jur, Schools § 129.
   Teachers' tenure statutes.   110 ALR 791, 113 ALR 1495, 127 ALR 1298.
[4] 47 Am Jur, Schools § 136.
[5] 47 Am Jur, Schools § 141.

had been hired as a teacher, and who, after serving as a principal for 5 months, was reassigned to a teaching position at same salary he had had as principal, hence, his petition to the commission should have been dismissed (CL 1948, §§ 38.74, 38.91).

Appeal from State Tenure Commission. Submitted June 10, 1960. (Docket No. 11, Calendar No. 48,297.) Decided September 15, 1960.

Scott W. Street filed petition against the Board of Education of the School District of the City of Ferndale, Oakland County, for order reinstating him as a school principal, which order was granted. Defendant appeals. The Attorney General intervenes asking affirmance. Reversed and petition dismissed.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Eugene Krasicky* and *Gerald J. O'Reilly,* Assistant Attorneys General, for intervenor.

*Forsythe & Beasley (William R. Beasley,* of counsel), for defendant.

DETHMERS, C. J. This case presents a question of tenure in the capacity as a principal under the teachers tenure act, CL 1948, § 38.71 *et seq.* (Stat Ann 1959 Rev § 15.1971 *et seq.*).

Defendant is a school district in which, bv a majority vote of the qualified electors voting thereon, the provisions of the tenure act were adopted. On June 11, 1958, a written contract was entered into whereby defendant appointed and plaintiff accepted appointment as teacher under the tenure act for the school year September 1, 1958, to June 30, 1959. The contract contained the following language:

"The conditions of this appointment are: That you are subject to assignment and transfer at the discretion of the superintendent of schools, and subject to the rules and regulations of the board of education, and other regulations, duties, and requirements imposed by applicable statutes of the State of Michigan. * * *

"It is hereby specifically provided pursuant to the action of the board of education taken in accordance with section 1 of article 3 of Act No 4 of the Public Acts of 1937 (first extra session) as amended by Act No 119, Public Acts of 1941 and as may have been further amended from time to time, that the teacher with whom this contract is made shall not be deemed to be granted tenure in the capacity of principal under or by virtue of this contract."

This withholding of tenure as principal in the contract is authorized by article 3, § 1, of the act (CL 1948, § 38.91 [Stat Ann 1959 Rev § 15.1991]), which provides:

"Sec. 1. After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act: Provided, however, That when the controlling board of any school district shall specifically provide in each contract of employment of any teacher employed as superintendent, assistant superintendent, or principal, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such administrative capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such administrative capacity, but shall be deemed to have been granted continuing tenure as an active class room teacher in such school district. Upon the termination of any such contract of employment, if such controlling board shall not re-employ such teacher under con-

tract in any such administrative capacity, such teacher shall be continuously employed by such controlling board as an active class room teacher at a salary equal to the highest salary paid to any active class room teacher in the school district in which such teacher is employed, subject to the provisions of this act: Provided further, That a failure on the part of any controlling board to re-employ any such teacher in any such administrative capacity upon the termination of any such contract of employment shall not be deemed to be a demotion within the provisions of this act. Failure on the part of any such controlling board to so provide in any such contract of employment of any teacher in an administrative capacity shall be deemed to constitute the employment of such teacher on continuing contract in such administrative capacity and subject to the provisions of this act."

Article 1, § 4, of the act (CL 1948, § 38.74 [Stat Ann 1959 Rev § 15.1974]), provides:

"Sec. 4. The word 'demote' shall mean to reduce compensation or to transfer to a position carrying a lower salary."

In September of 1958 plaintiff was assigned as principal of a school in defendant school district. On February 2, 1959, he was relieved as principal, pursuant to a resolution of the board of education, and reassigned to a position as visiting teacher, at the same salary he had been paid as principal. Although the record does not show it, it is stated in one of the briefs that the position to which he was reassigned normally carried a lower salary than principal. Plaintiff appealed his reassignment to the Michigan state tenure commission and sought reinstatement as a principal. The latter held his reassignment to be a demotion and that plaintiff had special limited tenure as principal until the expiration of his contract at the end of the school year,

June 30, 1959, and ordered his reinstatement accordingly. This is defendant's appeal therefrom, on leave granted.

The question here is limited to plaintiff's right to tenure as principal for the period from February 2, 1959, to June 30, 1959. It is patently moot, but we pass on it because of its public importance.

Defendant's position is that under the quoted statutory provision and language of the contract pursuant thereto, plaintiff was not granted tenure as principal and, therefore, no question of tenure in that capacity could arise and; hence, the State tenure commission was without jurisdiction in the premises. This was the basis for defendant's motion to dismiss plaintiff's appeal before that commission, which it denied. We think defendant's position well taken. The motion should have been granted.

A composite of the arguments of the commission, plaintiff, and the attorney general, as intervenor, is as follows:

1. Every statute has a spirit which transcends its words.

2. The spirit of this statute is to protect teachers against the whim and caprice of changing officeholders.

3. The reassignment from principal to visiting teacher constituted a demotion in violation of the statute even though plaintiff continued to receive the same salary.

4. From the statute's provision, that failure to re-employ a teacher as principal upon termination of his contract shall not be deemed a demotion, it follows that relieving him as principal and reassigning him to teaching duties before the contract's termination is a demotion.

No authority is cited to support the claim that express, unambiguous statutory language may be disregarded by the interpreter in deference to what he

determines to be and invokes as the spirit of the statute. The language of the statute is explicit that tenure is not acquired in administrative capacities when expressly excluded, as here, by the contract. That is controlling. While the opinion in *Rehberg v. Melvindale, Ecorse Township School District No. 11,* 330 Mich 541, does contain reference, unnecessary to decision, to expressions from courts of other States as to the purpose of tenure acts, which tend to encourage the above expressed view as to the spirit of the act, we are not ready, on fuller consideration and as a step toward decision, to join a chorus whose theme is that permitting continued local control and regulation of schools amounts to abandoning them to whim and caprice. Those are traits on which local elective officeholders, closer and more responsive to the will and wishes of the people who elected them, have no monopoly as contrasted to members of appointed boards and commissions in higher echelons of government. If, however, the spirit of the act is of significance, it is important to note that while the teachers tenure act, as first enacted in 1937, provided for tenure for all teaching personnel, which included those in administrative capacities, apparent public dissatisfaction with such shackles on local control of school administration brought about the 1941 amendment providing for the exemption, by contract, of those in administrative capacities as in the present section 1, article 3, set forth. Surely this amendment cannot be denied to possess, equally, a spirit, the essence of which is not the stamping of desires for local administrative control as smacking of the rule of whim and caprice, but, rather, the perpetuating of such local adminis-

trative control as in the best public interests.* We discern then no spirit of the act transcending the plain exempting language of the statute.

As for the statute's above quoted prohibition against demotion of a teacher except upon proceedings had as in the statute provided, again, with apparent resort to the spirits rather than the language of the statute, it is contended that plaintiff's reassignment was a demotion, even though he was continued at the same pay (which the attorney general styles a mere subterfuge), because the position of principal ranks higher professionally than visiting teacher. On what authority, in the record or elsewhere, that assertion is made is not indicated. The trouble with this is that the statute has defined the word "demote" to mean "to reduce compensation or to transfer to a position carrying a lower salary." Plaintiff's compensation was not reduced. While the record is silent on what other visiting teachers customarily were paid in the district, statements in the briefs that it was less than the amount plaintiff received as principal fail to obviate the fact that the particular job to which plaintiff was reassigned carried, for him at least, the same salary. It is clear from the definition in the act that the demotion against which it sought to protect teachers, as such, was of a monetary rather than a prestige character. Finally, in this connection, the fact is not to be ignored that the very provision safeguarding teachers against demotions without appropriate proceedings is immediately followed by the proviso clause making an exception as to those in adminis-

---

* Even in *Rehberg* v. *Melvindale, Ecorse Township School District No. 11, supra,* 547, 548, this Court said:

"School districts, though State agencies, are governed locally and their controlling boards are chosen by the electorate. (See PA 1927, No 319 [CL 1948, § 341.1 *et seq.* (Stat Ann § 15.1 *et seq.*)].) If the legislature intended to deprive local governing bodies of administrative control of teachers, that intent should have been definitely stated in the tenure act."

trative capacities, insofar as such capacities are concerned, when so provided in the contract.

As above stated, it is contended that from the statutory provision that failure to re-employ a teacher in an administrative capacity under a contract such as here involved, upon termination of that contract, shall not be deemed a demotion, it follows that transfer from the duties of principal to teacher during the term of the contract is a demotion. We do not agree. Plaintiff's rights come from the statute or the contract or both. Inasmuch as the statute, under the contract in this case, withholds tenure in such administrative capacity, and does not grant it for any period of time whatsoever, the only remaining source to which plaintiff may look is the contract. His reliance, then, manifestly must be and is on the contract. But the contract in this case does not employ him as principal, only as teacher. After being so employed he was assigned to a principalship. The contract expressly provides, however, that plaintiff shall be "subject to assignment and transfer at the discretion of the superintendent." That is the measure of his rights in the premises under the contract.

Inasmuch as plaintiff had no tenure in his capacity as principal, his removal from that position and reassignment to a teaching position gave rise to no question of which the State tenure commission had jurisdiction. Defendant's motion before it to dismiss should have been granted.

Order of the commission reinstating plaintiff as principal is reversed. Plaintiff's petition in the nature of appeal to the commission is dismissed.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.