DODGE *v.* BOARD OF EDUCATION OF THE
SAGINAW CITY SCHOOL DISTRICT

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE—WORDS AND
PHRASES—DEMOTION—DEFINITION.

> The word "demote", for purposes of the teacher tenure act,
> means to reduce compensation or to transfer to a position
> carrying a lower salary; therefore judgment for defendants
> was proper in plaintiff's action to prevent her "demotion"
> from the position of elementary school principal to the po-
> sition of reading improvement coordinator where plaintiff's
> salary remained unchanged (CL 1948, § 38.71 *et seq.,* as
> amended).

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 June 3, 1969, at Lansing. (Docket No. 5,473.) Decided June 24, 1969. Rehearing denied August 1, 1969. Leave to appeal granted November 6, 1969. See 382 Mich 792.

Complaint by Eleanor Dodge against the board of education of the Saginaw city school district and Charles C. Coulter to enjoin demotion of plaintiff from the position of elementary school principal, and for other relief. Judgment for defendants. Plaintiff appeals. Affirmed.

*Cook, Nash, Deibel & Borrello,* for plaintiff.

*Mellinger & Mahlberg,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Schools § 134 *et seq.*

BEFORE: Lesinski, C. J., and Quinn and Danhof, JJ.

Per Curiam. This action concerns a 1966 employment contract between plaintiff, Eleanor Dodge, and defendant board of education. Prior to 1962, plaintiff had been employed by defendant as a classroom school teacher with tenure. On January 15, 1962, defendant appointed plaintiff principal of Kempton Elementary School. Plaintiff retained this position until February 13, 1967, when she was relieved as principal and offered the option of employment at her same pay either as a reading improvement coordinator or as a classroom teacher. Although plaintiff objected to any transfer, she subsequently accepted a position as classroom teacher. Defendant agreed that acceptance of this position would not constitute a waiver by plaintiff of any violation of her employment rights.

Thereafter, plaintiff instituted suit against defendant seeking reinstatement as an elementary school principal. She claimed in circuit court that her employment contract granted her tenure as a principal and therefore that she had been improperly demoted to the position of reading improvement coordinator. The trial court disagreed, granting judgment to defendant after a nonjury trial. Plaintiff appeals.

Under CL 1948, § 38.74 (Stat Ann 1968 Rev § 15-.1974), it is provided:

"The word 'demote' shall mean to reduce compensation or to transfer to a position carrying a lower salary."

The Michigan Supreme Court in construing this section in *Street* v. *Ferndale Board of Education* (1960), 361 Mich 82, stated:

"The statute has defined the word 'demote' to mean 'to reduce compensation or to transfer to a position carrying a lower salary.' Plaintiff's compensation was not reduced. While the record is silent on what other visiting teachers customarily were paid in the district, statements in the briefs that it was less than the amount plaintiff received as principal fail to obviate the fact that the particular job to which plaintiff was reassigned carried, for him at least, the same salary. It is clear from the definition in the act that the demotion against which it sought to protect teachers, as such, was of a monetary rather than a prestige character."

*Street* involved a principal reassigned to a position as visiting teacher with no decrease in pay. While the Supreme Court was not required to construe this section of the tenure act as it found *Street* was not entitled to tenure, it did determine that such a reassignment did not constitute a "demotion" within the meaning of the tenure act (CL 1948, § 38.71 *et seq.* as amended [Stat Ann 1968 Rev § 15.1971 *et seq.*]), and required dismissal of Street's petition for reinstatement. We agree with the reasoning of the Supreme Court as expressed by Chief Justice DETHMERS in *Street, supra,* and adopt it as controlling in the instant cause.

Under the principles announced in *Street* and adopted by this Court, the trial court's decision that there was no demotion in the instant case must be affirmed. Plaintiff admitted that there was no reduction in her compensation, as she was paid the rate specified by her employment contract. The position of reading improvement coordinator had no established rate of compensation and involved the supervision of other reading improvement teachers. The evidence was sufficient to indicate that the position of coordinator was equivalent to plaintiff's prior position as an elementary school principal. In

any event, since under *Street* there is no demotion where "the particular job to which plaintiff was reassigned carried, for him at least, the same salary", no demotion occurred in the instant case.

Our disposition of the above issue obviates the necessity for discussion of plaintiff's remaining issues on appeal.

Affirmed.   No costs, a public question being involved.