BODE v ROSEVILLE SCHOOL DISTRICT

Docket No. 58625. Argued May 2, 1978 (Calendar No. 2).—Decided
February 5, 1979. Rehearing denied 406 Mich 1121.

Plaintiff Charles Bode worked as a school superintendent for the
Clintondale School District from 1967 to 1970 under a contract
which expressly excluded him from the acquisition of tenure as
an administrator. He then worked in administrative positions
in the Roseville School District starting in March, 1970 under a
day-to-day, a one-year, and then a two-year employment con-
tract. On October 10, 1972 the Roseville School Board gave him
a "reassignment" as a consultant which effectively took away
his duties, but did not reduce his salary, which continued until
his two-year contract expired on June 30, 1973. The State
Tenure Commission ordered the school district to reinstate the
plaintiff as a superintendent and to give him tenure. The
Macomb Circuit Court, Walter P. Cynar, J., reversed the order
on the ground that the plaintiff had not acquired tenure as a
teacher or as an administrator. The Court of Appeals, M. F.
Cavanagh, P.J., and R. B. Burns and Quinn, JJ., affirmed in an
unpublished per curiam opinion (Docket No. 24486). Plaintiff
appeals. *Held:*

The plaintiff is entitled to tenure as a teacher in the Rose-
ville School District.

Justice Kavanagh, joined by Justices Levin and Moody,
wrote:

1. The plaintiff, as a "certificated person", is entitled to the
protection of the teacher tenure act upon satisfactory comple-
tion of the probationary period. During his first two years of
employment as a superintendent in Clintondale School District
the plaintiff was subject to the mandatory probationary period
under the teacher tenure act, which cannot be made ineffective
by a contract of the parties. That is, the contract which denied

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 14] 68 Am Jur 2d, Schools §§ 149-152.
[2, 6, 9-12] 68 Am Jur 2d, Schools §§ 132, 152.
[3, 13] 68 Am Jur 2d, Schools § 152.
[5, 7, 8, 12] 68 Am Jur 2d, Schools §§ 152, 160.
[15] 68 Am Jur 2d, Schools §§ 50-52.

him tenure in his superintendent position in Clintondale cannot be construed to deny his service of the probationary period as a teacher. That contract simply had no effect on service of probation, rather than being "illegal". The plaintiff served two years in Clintondale without receiving notice that his work was unsatisfactory, and thereby achieved continuing tenure in Clintondale.

2. Upon his subsequent employment in the Roseville School District, the plaintiff needed to serve only one year of probation in order to attain tenure in that district. Although his employment in administrative positions there did not, under the terms of his contracts, complete his probationary period in the administrative classification, it did constitute the satisfactory completion of a one-year period of probation in Roseville entitling the plaintiff to tenure as a classroom teacher.

Justice Williams also wrote that the plaintiff is entitled to tenure as a teacher:

1. The teacher tenure act prohibits a teacher from waiving any rights and privileges under the act. A superintendent may waive rights to tenure as a superintendent, but only after he completes tenure as a teacher. The plaintiff had never achieved tenure when he signed a contract with the Clintondale School District which purported to waive his tenure rights. Therefore, the waiver was prohibited by the statute and was illegal. He consequently obtained tenure as a teacher after his first two years of probationary service, which were without notice that his work was unsatisfactory.

2. The term "teacher" under the teacher tenure act can include a superintendent who is certified as a teacher. Therefore, work as a superintendent can qualify a person for tenure as a teacher. The plaintiff's service for the Roseville School District as acting superintendent for one year after he had acquired continuing tenure in the Clintondale School District satisfies the one-year probationary period allowed by statute upon employment by another board. He could not acquire that time toward tenure as a superintendent because his appointment as "acting" superintendent clearly shows that the school board then considered the position of superintendent to be open. The plaintiff was not notified that his work as acting superintendent was unsatisfactory, and therefore he had acquired tenure as a teacher when he began his contract as superintendent for the defendant on July 1, 1971. He only waived his right to tenure in the administrative capacity by that contract, and not as a teacher.

Reversed.

Justice Ryan, joined by Chief Justice Coleman and Justice Fitzgerald, dissented. He wrote:

1. Bode claims tenure status on alternate theories both of which assume that, while one may acquire tenure status either as a superintendent or as a classroom teacher, one necessarily acquires tenure status as a classroom teacher for purposes of the teacher tenure act by reason of service in either capacity for the requisite probationary term. The language and purpose of the teacher tenure act do not support his contention.

2. The position of school superintendent is embraced within the term "teacher" for purposes of tenure under the teacher tenure act, and a person can obtain tenure status other than as a classroom teacher under the act. But the section of the statute providing for continuing tenure of a teacher employed as a superintendent guarantees continuing tenure as a classroom teacher to a teacher who, once having satisfactorily completed the required period of probation, assumes administrative duties under a contract that precludes that teacher from attaining tenure as an administrator. The purpose of this provision is to assure that a tenured classroom teacher who assumes administrative duties does not forfeit the right to return to the classroom as a tenured teacher upon termination of the administrative duties. Preservation of tenure rights, however, is made expressly dependent upon completion of the probationary period as a classroom teacher before entering into the contract for administrative duties.

3. Bode's claim that his service for more than two years as superintendent in either district constituted fulfillment of the required probationary periods as a classroom teacher is at odds with the express language of the statute. In neither district did he first attain tenure as a classroom teacher before entering into the contract as superintendent which precluded attaining tenure as superintendent. Consequently, the plain language of the statute precludes the result he urges. In addition, his claims are at odds with the manifest legislative purpose in conditioning classroom teacher tenure on a period of probation. The statutory period of probation is to allow a school board to evaluate a teacher's qualifications and capabilities in the practical reality of the working classroom setting before accepting the teacher as a permanent staff member under the virtual lifetime umbrella of tenured status. An individual's qualifications as a classroom teacher cannot be evaluated, indeed even discovered, while he is serving in the administrative capacity of superintendent during the probationary period, and it would

serve no logical purpose to award tenure as a classroom teacher to one who has served solely in an administrative capacity.

4. The Legislature has carefully distinguished in the tenure act between the tenure afforded a classroom teacher and that afforded administrative personnel of a school district, especially the superintendent. A tenured classroom teacher may not waive any rights or privileges under the act by contract. On the other hand, a teacher serving in an administrative capacity is allowed to waive the statutory right to tenure as an administrator. The purpose of this provision has been recognized by the Supreme Court as designed to perpetuate such local administrative control as is in the best public interest. No purpose envisioned by the teacher tenure act is served by allowing a superintendent who has never demonstrated ability in the classroom or been evaluated as a classroom teacher to acquire tenure as a classroom teacher upon the completion of two years service as a superintendent.

### DECISION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — SCHOOL ADMINISTRATORS.

   A plaintiff who worked in administrative positions for school districts and did not acquire tenure as an administrator because an employment contract expressly excluded him from the acquisition of tenure as an administrator may be entitled to tenure as a teacher under the teacher tenure act (MCL 38.71 *et seq.;* MSA 15.1971 *et seq.*).

### OPINION FOR REVERSAL BY KAVANAGH, J.

2. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — TEACHERS — WORDS AND PHRASES.

   The definition of "teacher" in the teacher tenure act includes "all certificated persons"; therefore, a certificated teacher serving as a school administrator is entitled to the protection of the teacher tenure act upon satisfactory service of the probationary period (MCL 38.71; MSA 15.1971).

3. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBATIONARY PERIOD — CONTRACT OF EMPLOYMENT.

   The language of the teacher tenure act that all teachers "shall be deemed" to be in a period of probation during the first two years of employment is mandatory and cannot be made ineffective by contract of employment between a school superintend-

ent, who was a certified teacher, and his school district (MCL 38.81; MSA 15.1981).

4. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBA-
TIONARY PERIOD — CONTRACT OF EMPLOYMENT.

*A contract of employment between a teacher serving as school superintendent and his school district which denied him tenure in the superintendent position cannot be construed to deny his service of the probationary period as a teacher; the contract simply had no effect on service of probation (MCL 38.81; MSA 15.1981).*

5. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBA-
TIONARY PERIOD.

*A school administrator who served two years in one school district without receiving notice that his work was unsatisfactory·thereby achieved tenure in that district so that upon his subsequent employment in another school district, although he was precluded by his contract of employment from achieving tenure as an administrator, the satisfactory completion of a one-year period of probation in the second school district did entitle him to tenure as a classroom teacher (MCL 38.83, 38.92; MSA 15.1983, 15.1992).*

OPINION FOR REVERSAL BY WILLIAMS, J.

6. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — TEACH-
ERS — WORDS AND PHRASES.

*The teacher tenure act defines "teacher" to include a school superintendent; therefore service as a school superintendent can qualify one for tenure as a teacher (MCL 38.71; MSA 15.1971).*

7. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — WAIVER
OF RIGHTS.

*The teacher tenure act prohibits a teacher from waiving any rights and privileges under the act; a superintendent may waive rights to tenure as a superintendent, but only after he completes tenure as a teacher (MCL 38.91, 38.172; MSA 15.1991, 15.2054).*

8. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — WAIVER
OF RIGHTS — CONTRACT OF EMPLOYMENT.

*A provision of a contract of employment between a school superintendent and his school district which purported to waive his rights to tenure was illegal and of no force and effect where the*

*superintendent had never achieved tenure as a teacher; the superintendent consequently obtained tenure as a teacher after his first two years of probationary service, which were without notice that his work was unsatisfactory (MCL 38.91; MSA 15.1991).*

DISSENTING OPINION BY RYAN, J.

9. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — SCHOOL ADMINISTRATORS.

*A person who is employed as a school superintendent under a contract of employment with his school district that precludes his attainment of tenure as a superintendent does not thereby earn tenure as a classroom teacher for purposes of the teacher tenure act (MCL 38.91; MSA 15.1991).*

10. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBATIONARY PERIOD — TEACHERS — SCHOOL ADMINISTRATORS.

*The language and purpose of the teacher tenure act do not support a contention that while one may acquire tenure either as a school superintendent or as a classroom teacher, one necessarily acquires tenure as a classroom teacher for purposes of the teacher tenure act by service in either capacity for the requisite probationary term (MCL 38.91; MSA 15.1991).*

11. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — TEACHERS — SCHOOL ADMINISTRATORS — PROBATIONARY PERIOD.

*Preservation of the tenure rights under the teacher tenure act of a teacher who assumes administrative duties under a contract of employment which precludes the attainment of tenure is made expressly dependent upon completion of the probationary period as a classroom teacher before entering into the contract for administrative duties (MCL 38.91; MSA 15.1991).*

12. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBATIONARY PERIOD — SCHOOL ADMINISTRATORS.

*Alternative claims by a school administrator that his service for two years in either of two school districts constituted fulfillment of the required probationary periods as a classroom teacher are at odds with the express language of the teacher tenure act where in neither district did he first attain tenure as a classroom teacher before entering a contract of employment as a school superintendent which precluded attaining tenure as superintendent (MCL 38.91; MSA 15.1991).*

13. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PRO-
BATIONARY PERIOD.

The purpose of the probationary period of the teacher tenure act
is to afford a trial period during which a controlling school
board may make a subjective determination whether a certain
teacher satisfies that school district's particular needs and
policy; the statutory period evidences legislative deference to a
school board's desire to evaluate a teacher in the practical
setting of the working classroom before accepting the teacher
as a permanent staff member with tenure (MCL 38.81; MSA
15.1981).

14. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PRO-
BATIONARY PERIOD.

A person's qualifications as a classroom teacher cannot be evalu-
ated while he is serving in an administrative capacity during
the applicable probationary period and competence in perform-
ing administrative duties does not necessarily indicate compe-
tence in the classroom; consequently, it would serve no logical
purpose to award tenure as a classroom teacher to one who has
served solely in an administrative capacity (MCL 38.91; MSA
15.1991).

15. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT —
SCHOOL ADMINISTRATORS.

The Legislature has enabled school boards to retain control of
their policy-making and operational functions by granting them
power to contractually withhold tenure rights of administrative
personnel and thereby permit the summary release of school
administrators who do not conform to the school board's policy;
this provision is in express derogation of the general goals of
the teacher tenure act to protect tenured teachers (MCL 38.91,
38.172, 380.248; MSA 15.1991, 15.2054, 15.4248).

*Kiefer, Allen & Cavanagh* for plaintiff.

*LaBarge, Zatkoff & Dinning, P.C.* (by *Lawrence
P. Zatkoff* and *Ronald H. Greve),* for defendant.

KAVANAGH, J. *(for reversal).* Because the defini-
tion of "teacher" includes "all certificated per-
sons", MCL 38.71; MSA 15.1971, Bode, being such
a person, is entitled to the protection of the teach-

ers' tenure act upon satisfactory service of the probationary period.

During his first two years of employment as a superintendent in Clintondale, he was subject to the provisions of MCL 38.81; MSA 15.1981, which read in pertinent part:

"All teachers during the first 2 school years of employment shall be deemed to be in a period of probation."

The language in this section is mandatory ("shall") and cannot be made ineffective by contract of the parties. Therefore, even though Bode labored under a contract denying him tenure in his superintendent position in Clintondale, that contract cannot be construed to deny service of the probationary period. The contract simply had no effect on service of probation. I do not share the view that it was illegal.

Bode served two years in Clintondale without receiving notice that his work was unsatisfactory, MCL 38.83; MSA 15.1983, and thereby achieved continuing tenure in Clintondale.

Upon his subsequent employment in Roseville, Bode needed to serve only one year of probation in order to attain tenure in that district. MCL 38.92; MSA 15.1992. His employment by Roseville under an oral contract as an administrative assistant from March, 1970 until July of that year, did not give him tenure as a superintendent. Nor did his employment as "acting superintendent" under the one-year contract from July, 1970 to June, 1971. Neither period of employment completed the probationary period in that classification. Such employment did, however, constitute the satisfactory completion of a one-year period of probation in

Roseville entitling Bode to a tenure contract as a classroom teacher.

For these reasons, I agree that Bode is entitled to tenure as a classroom teacher in Roseville.

LEVIN and BLAIR MOODY, JR., JJ., concurred with KAVANAGH, J.

WILLIAMS, J. *(for reversal).* This case concerns the question whether one serving as a school superintendent can acquire tenure as a teacher. Since the teachers' tenure act definition of "teacher" includes "superintendent" *inter alia,* service as a superintendent can qualify one for teacher tenure. We hold that plaintiff Bode's service as superintendent was of such length and character as to qualify him for tenure as a teacher and the privileges thereof. The Court of Appeals is reversed.

## I. FACTS

Plaintiff Bode served in various school districts as a classroom teacher from 1950 to 1955 and as a principal from 1955 to 1958. During this time he was not eligible for tenure, because at that time there was no tenure unless the school system opted for it,[1] and none of his school districts had.

More significantly, after the tenure act became mandatory, plaintiff served as superintendent in Leslie from 1962 to 1966. He next served as superintendent in Clintondale from 1967 to 1970, when he resigned. Finally, after serving part of a year on a day-to-day basis in the Roseville School District, plaintiff was appointed as of July 1, 1970 as

---

[1] The teachers' tenure act did not become mandatory until 1964,

"This act shall apply to all school districts of the state." MCL 38.151; MSA 15.2051, as amended by 1964 PA 2, § 1.

acting superintendent with a one-year contract. This was followed by a two-year contract as superintendent commencing July 1, 1971, but with a provision as follows:

"4. The Superintendent of Schools shall not be deemed to be granted continuing tenure by virtue of this agreement."

On October 10, 1972, the school board assigned plaintiff to duties as acting superintendent. Plaintiff served as a special consultant until his employment contract expired. On or about February 7, 1973, Bode received notice he would not be employed after June 30, 1973.

In October, 1972, plaintiff had petitioned the State Tenure Commission to find he had tenure as superintendent and that his reassignment as acting superintendent with duties as special consultant was improper. On June 11, 1973, the tenure commission held that the school board's removal without notice and hearing was contrary to the tenure act, found that plaintiff had tenure as a superintendent, and ordered plaintiff restored as "Superintendent" but leaving to the school district his exact duties. The circuit court reversed the tenure commission. The Court of Appeals affirmed the reversal in an unpublished per curiam opinion. We granted leave to appeal, 399 Mich 898 (1977).

## II. PERTINENT TENURE ACT PROVISIONS

MCL 38.71; MSA 15.1971 provides:

"The term 'teacher' as used in this act shall include all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution."

It is clear from this statutory language that a superintendent can be a teacher under the act. The tenure commission has so held:

"We previously have held that article I, § 1 of the tenure act includes superintendent within the term teacher, *Anderson v Westwood Community School District* [State Tenure Commission, Docket No. 70-13]."

MCL 38.81; MSA 15.1981 provides:

"*All teachers* during the first 2 school years of employment shall be deemed to be in a period of probation." (Emphasis added.)

This provision is not limited to classroom teachers and would apply to any one defined as a "teacher" by the act.

The following sections of the tenure act provide that a teacher completing the required years of probation has tenure unless notified otherwise by the controlling board.

MCL 38.91; MSA 15.1991 states:

"After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act."

MCL 38.83; MSA 15.1983 states:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing con-

tract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

The act also places a limit on the number of years a teacher with tenure may be required to serve in another school district to fulfill the probation requirement.

"If a teacher on continuing tenure is employed by another controlling board, he shall not be subject to another probationary period of more than 1 year." MCL 38.92; MSA 15.1992.

MCL 38.172; MSA 15.2054 prohibits a teacher from waiving any rights and privileges:

"No teacher may waive any rights and privileges under this act in any contract or agreement made with a controlling board."

Under MCL 38.91; MSA 15.1991, a superintendent may waive tenure rights as a "superintendent", but only after completion of tenure as a teacher.

"If the controlling board shall provide in a contract of employment of any teacher employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum, made with such teacher *after the completion of the probationary period,* that such teacher shall not be deemed to be granted continuing tenure in such capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such capacity, *but shall be deemed to have been granted continuing tenure as an active classroom teacher* in such school district. Upon the termination of any such contract of employment, if such controlling board shall not re-employ such teacher under

contract in any such capacity, such teacher shall be continuously employed by such controlling board as an active classroom teacher." (Emphasis added.)

### III. APPLICATION TO APPELLANT BODE

Bode has been in the field of education for 28 years, and a teacher under the act for 14 years. From 1950 to 1964, when the act became mandatory, he served in school districts which had not elected to come under its provisions.

When the act became mandatory he was in the middle of a two-year contract at Leslie, Michigan. He was not reappointed in Leslie, and, because of the nature of the grandfather clause,[2] did not qualify for tenure.

Bode's first position entirely under the act, after it became mandatory, was with the Clintondale School District from 1967-1970, as a superintendent. The rule is that at the end of the second year a teacher is deemed to have successfully completed probation and obtained tenure unless notified otherwise according to the provisions of MCL 38.83; MSA 15.1983 and MCL 38.81; MSA 15.1981. Bode was not notified that his work was unsatisfactory and should have obtained tenure.

But it is claimed that Bode's contract with the

---

[2] "Provided, That any teacher under contract at the time this act becomes effective who has previously rendered 2 or more years of service in the same school district shall be granted continuing tenure immediately upon reappointment by the controlling board: Any such controlling board by unanimous vote of its members, however, may refuse to appoint a teacher who has rendered 2 or more years service in the school district under its control. In the event the vote against reappointment of such teacher is not unanimous the controlling board shall deem such teacher as on continuing tenure with full right to hearing and appeal as provided in article 4 and article 6 of this act: Provided further, That the controlling board, after this act becomes effective, may place on continuing tenure any teacher who has previously rendered 2 or more years of service." MCL 38.81; MSA 15.1981.

Clintondale School District containing a provision excluding tenure precluded obtaining tenure. However, the tenure act provides that a contractual waiver by a teacher in an administrative position can only be "made with such teacher after the completion of the probationary period". MCL 38.91; MSA 15.1991. Since Bode had never achieved tenure, the waiver was illegal and of no force and effect. Consequently, plaintiff obtained tenure as a classroom teacher after his first two years of service without notification his work was unsatisfactory. Therefore, we agree with the tenure commission that

"while Bode did not gain tenure as a superintendent during his employment with the Clintondale School District, he did gain tenure in position as a teacher having served for the statutory two years probationary period; * * *."

When Bode moved to Roseville, his service as acting superintendent for one year satisfied the requirement of a probationary period. MCL 38.92; MSA 15.1992. He was not notified that his work was unsatisfactory, MCL 38.83; MSA 15.1983, and therefore received tenure as a teacher.

The tenure commission, however, held that Bode received tenure as a *superintendent* while in the position of acting superintendent. We disagree. Plaintiff could not acquire service toward tenure as a superintendent, because the resolution appointing him as acting superintendent clearly indicated that the board considered the superintendent's position still under search.

Bode had tenure when he began the contract for superintendent effective July 1, 1971. He waived

his right to tenure in the administrative capacity but not as a classroom teacher.

### IV. CONCLUSION

We find first that a teacher serving as a superintendent can acquire tenure as a teacher; second, that Bode completed a two-year probationary period in the Clintondale School District and acquired tenure as a teacher, since he received no notice that his work was unsatisfactory and since the waiver proviso he worked under could not apply until after he received tenure; third, that Bode completed a one-year probationary period with the Roseville School District and received tenure there as a teacher.

We reverse the Court of Appeals.

RYAN, J. *(dissenting).* This case requires us to determine whether an individual who has not acquired tenure by serving as a classroom teacher nonetheless earns such tenure for purposes of the teachers' tenure act[1] while employed as a superintendent of a local school district under a contract that precludes attainment of tenure as a superintendent.

We hold that no such tenured status is earned under these circumstances.

### I

Prior to being employed by the Roseville School District on March 11, 1970, Charles Bode had compiled approximately 17 years of educational experience, serving as either a teacher or adminis-

---

[1] MCL 38.71 *et seq.;* MSA 15.1971 *et seq.*

trator in several different school districts in Michigan.[2]

Immediately preceding his employment by the Roseville School District, he was employed as a Superintendent of the Clintondale School District from July, 1967 to June, 1970 under an agreement that precluded attainment of tenure as a superintendent.

Bode was first employed by the Roseville School District on March 11, 1970 as an administrative assistant to its superintendent on a day-to-day basis. Effective July 1, 1970, the district employed Bode as Acting Superintendent for a period of one year, without a written contract.

Subsequently, Bode became Superintendent of Schools for the district for a two-year term commencing July 1, 1971, pursuant to a written contract. The contract specifically provided that "[t]he Superintendent of Schools shall not be deemed to be granted continuing tenure by virtue of this agreement".

In early October, 1972, the Roseville School Board apparently became dissatisfied with Bode's work and asked him to resign. He refused. Thereafter, on October 10, 1972, the school board adopted a resolution which, in effect, relieved Bode of his duties as superintendent and reassigned those duties to another person.[3]

---

[2] The chronology of Bode's service in various school districts in Michigan is as follows:

| School District | Position | Dates |
|---|---|---|
| 1. Clawson | Classroom Teacher | Jan. 1950 – June 1951 |
| 2. Whitehall | Classroom Teacher | Sept. 1952 – June 1955 |
| 3. Edwardsburg | Principal | Aug. 1955 – July 1958 |
| 4. Cass County | Superintendent | July 1958 – June 1962 |
| 5. Leslie | Superintendent | July 1962 – Jan. 1966 |
| 6. Unemployed | | |
| 7. Clintondale | Superintendent | July 1967 – Feb. 1970 |

[3] The resolution provided:

Bode continued to serve the school district in a different administrative capacity, at his same salary, until the expiration of his contract on June 30, 1973.

Shortly after being relieved of his duties as superintendent in October of 1972, Bode filed a petition with the State Tenure Commission requesting a ruling that he enjoyed tenured status as superintendent and that since he was demoted without a hearing in violation of the teachers' tenure act, he was entitled to be restored to the position of superintendent.

After conducting a hearing on the petition, the tenure commission made the following findings:

"[W]hile Bode did not gain tenure as a superintend-

"Motion by Moran, supported by Mansfield:

"It being deemed to be in the best interest of the educational processes of the Roseville Community Schools and necessary for the proper establishment, maintenance, management and carrying on of the public schools in the City of Roseville that the following action be taken:

"1. It is hereby resolved that effective immediately the duties of Superintendent Charles Bode shall be reassigned, and said duties shall exclusively be to assist the board in all matters pertaining to the general welfare of the schools, and to perform such other duties as the board may from time to time determine; and that said duties shall continue until June 30, 1973.

"2. It is further resolved that a committee be formed in the immediate future to screen and interview applicants for the position of Superintendent of Schools for the Roseville Community Schools and that said committee have members representing the Personnel Department of the Roseville Community Schools, Board of Education, the administration of the Roseville Community Schools, and members of the public residing within the Roseville Community Schools' district.

"3. It is further resolved that effective immediately Fred Hoover shall assume all remaining duties of the office of Superintendent of Schools not heretofore retained by Mr. Bode and shall assume the title of Acting Superintendent.

"4. It is further resolved in accordance with the Board of Education's policy of long standing, that neither Mr. Charles Bode nor Mr. Fred Hoover shall be deemed to be granted continuing tenure by virtue of the reassignment of duties as enumerated above.

"Motion unanimously carried."

ent during his employment with the Clintondale School District, he did gain tenure in position as a teacher having served for the statutory two years probationary period; see *Madison v Lakeview Public Schools* (State Tenure Commission, Docket No. 68-12), *Lindner v School District of Ypsilanti* (State Tenure Commission, Docket No. 70-24).

"Having gained tenure in a position at a former school district, Bode was required to serve only another one year probationary period with appellee before he acquired tenure there, article III, section 2 of the tenure act. This he did having been employed from March 11, 1970 until June 30, 1971. Thus, we find Bode had tenure as a Superintendent with appellee before he became Superintendent under the contract effective July 1, 1971."[4]

Since Bode had been removed from the position of superintendent without the filing of charges and without the opportunity for a hearing to which tenured personnel are entitled, the commission ordered that he be reinstated as superintendent.

On appeal to the circuit court, the ruling of the tenure commission was reversed because the court found that Bode did not have tenure at any time during his service in Roseville. The Court of Appeals affirmed for other reasons.

---

[4] In order to better understand these findings, it is important to note here that prior to August 28, 1964, the provisions of the teachers' tenure act were applicable to a school district only if the district's voters adopted the provisions of the act.

At the time Bode taught in the Clawson and Whitehall School Districts, neither district was under the provisions of the act.

Bode admitted at the hearing before the commission that he did not achieve tenure in any capacity in either the Edwardsburg or Cass County School Districts.

While Bode claimed at the hearing to have achieved tenure in the Leslie School District, this claim was not accepted by the tenure commission in its findings of fact or its opinion. We note that Bode was employed by the Leslie School District on August 28, 1964 when the teachers' tenure act became mandatory. However, by virtue of the transition clause of MCL 38.81; MSA 15.1981, Bode was prevented from gaining tenure in that district by the failure of the Leslie board to reappoint him after August 28, 1964.

## II

Bode claims tenured status on alternate theories. First, he claims that, by reason of his service for more than two years as Superintendent of the Clintondale School District, he earned tenure as a classroom teacher under MCL 38.71; MSA 15.1971 and MCL 38.81; MSA 15.1981,[5] although his contract precluded his earning tenure as superintendent. Thus, he argues, he was a tenured classroom teacher before he left Clintondale and assumed his new responsibilities in the Roseville School District in March of 1970. Thereafter, the argument continues, upon completion of one year of service at the Roseville School District as Acting Superintendent under a contract that was silent on the matter of tenure, he attained tenure in that school district both as superintendent and as a classroom teacher by virtue of MCL 38.92; MSA 15.1992.[6]

Alternatively, Bode argues that he attained ten-

---

[5] MCL 38.71; MSA 15.1971 provides:

"The term 'teacher' as used in this act shall include all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution."

MCL 38.81; MSA 15.1981 provides:

"All teachers during the first 2 school years of employment shall be deemed to be in a period of probation: Provided, That any teacher under contract at the time this act becomes effective who has previously rendered 2 or more years of service in the same school district shall be granted continuing tenure immediately upon reappointment by the controlling board: Any such controlling board by unanimous vote of its members, however, may refuse to appoint a teacher who has rendered 2 or more years service in the school district under its control. In the event the vote against reappointment of such teacher is not unanimous the controlling board shall deem such teacher as on continuing tenure with full right to hearing and appeal as provided in article 4 and article 6 of this act: Provided further, That the controlling board, after this act becomes effective, may place on continuing tenure any teacher who has previously rendered 2 or more years of service."

[6] MCL 38.92; MSA 15.1992 provides:

"If a teacher on continuing tenure is employed by another controlling board, he shall not be subject to another probationary period of

ure as a classroom teacher in the Roseville School District under MCL 38.91; MSA 15.1991, by virtue of his more than three years service there, despite the fact that the entire service was not in the classroom but in various administrative capacities, and despite the fact that the final two years of his contract expressly precluded his attaining tenure as a superintendent.

The linchpin of both of Bode's theories is the implicit assumption that, while one may acquire tenure status either as a superintendent or as a classroom teacher, one necessarily acquires tenure status as a classroom teacher for purposes of the teachers' tenure act by reason of service in *either* capacity for the requisite probationary term.

We do not agree. Our understanding of the language and the purpose of the teachers' tenure act does not support Bode's contention.

### III

At the outset we observed that appellant is quite correct in his claim that an individual can obtain tenure status other than as a classroom teacher under the teachers' tenure act. MCL 38.71; MSA 15.1971 provides:

"The term 'teacher' as used in this act shall include all certificated persons employed for a full school year

more than 1 year beginning with the date of employment, and may at the option of the controlling board be placed immediately on continuing tenure. Any notice provided under section 3 of article 2 shall be given at least 60 days before the completion of the year of probation. If a teacher on continuing tenure becomes an employee of another controlling board as a result of school district annexation, consolidation or other form of school district reorganization, he shall be placed on continuing tenure within 30 days unless the controlling board, by a 2/3 vote on an individual basis, places the teacher on not more than 1 year probation."

by any board of education or controlling board of any public educational institution."

This Court has previously recognized that the position of school superintendent is embraced within the term "teacher" for purposes of tenure. See *Street v Ferndale Board of Education,* 361 Mich 82, 87; 104 NW2d 748 (1960).

The Legislature has explicitly required that as a condition of attaining tenured status, a "teacher" must satisfactorily complete a two-year period of probationary service, MCL 38.81; MSA 15.1981, and the employing school board is given the option of extending the probationary period for a third year. MCL 38.82; MSA 15.1982.

Upon satisfactory completion of the probationary period, with one important exception, a teacher acquires tenure under MCL 38.91; MSA 15.1991. A proper understanding of Bode's status and the validity of his claim of entitlement to tenure require a corresponding understanding of the interaction of the "continuing tenure" and "probationary period" provisions of MCL 38.91. That section provides:

"After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act. If the controlling board shall provide in a contract of employment of any teacher employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum, *made with such teacher after the completion of the probationary period,* that such teacher shall not be deemed to be granted continuing tenure in such capacity by virtue of such contract of employment, then such teacher shall not be granted

tenure in such capacity, but shall be deemed to have been granted continuing tenure as an active classroom teacher in such school district. Upon the termination of any such contract of employment, if such controlling board shall not re-employ such teacher under contract in any such capacity, such teacher shall be continuously employed by such controlling board as an active classroom teacher. Failure of any controlling board to re-employ any such teacher in any such capacity upon the termination of any such contract of employment shall not be deemed to be a demotion within the provisions of this act. The salary in the position to which such teacher is assigned shall be the same as if he had been continuously employed in the newly assigned position. Failure of any such controlling board to so provide in any such contract of employment of any teacher in a capacity other than a classroom teacher shall be deemed to constitute the employment of such teacher on continuing contract in such capacity and subject to the provisions of this act. Continuing tenure shall not apply to an annual assignment of extra duty for extra pay." (Emphasis supplied.)

In order to sustain either of Bode's alternate theories of entitlement to tenure, this Court is required to read the "continuing tenure" provisions of the act to grant him tenure as a *classroom teacher* by reason of his service for a two-year "probationary period" as a *superintendent* both in Clintondale and Roseville, under contracts which specifically precluded tenure *as* superintendent.

We do not read the act to permit that construction.

The quoted section of the act guarantees continuing tenure as a classroom teacher to a teacher who, *once having satisfactorily completed the required period of probation,* assumes administrative duties under a contract that specifically precludes that teacher from attaining tenure as an administrator. The purpose of this provision is to assure

that a tenured classroom teacher who assumes administrative duties under such a contract does not forfeit thereby the right to return to the classroom as a tenured teacher upon termination of the administrative duties. Preservation of these tenure rights, however, is made expressly dependent upon completion of the probationary period as a classroom teacher before entering into the contract for administrative duties.

Bode's alternative claim that his service for more than two years as superintendent in either Clintondale or Roseville School Districts constituted fulfillment of the required probationary periods as a classroom teacher is at odds with the express language of MCL 38.91. In neither school district did he *first* attain tenure as a classroom teacher before entering into the contract as superintendent which precluded attaining tenure as superintendent. Consequently, the plain language of the statute precludes the result he urges upon this Court.

In addition, Bode's claim that his work as an administrator in the office of Superintendent of Schools constituted probationary service for the award of tenure as a classroom teacher is at odds with the manifest legislative purpose in conditioning classroom teacher tenure upon a period of probation. We have recently declared the purpose of this probationary period to be:

"[T]o afford a trial period during which a controlling board may make a subjective determination of whether a certain teacher satisfies that district's particular needs and policy." *Lipka v Brown City Community Schools (On Rehearing)*, 403 Mich 554, 558-559; 271 NW2d 771 (1978).

This statutory period of teacher probation evi-

dences legislative deference to a school board's understandable desire to evaluate a teacher's qualifications and capabilities in the practical reality of the working classroom setting before accepting the teacher as a permanent staff member under the virtual lifetime umbrella of tenured status.

The board's ability to assemble a staff of skilled classroom teachers is dependent in large part upon such a period of evaluation. Manifestly, an individual's qualifications as a classroom teacher cannot be evaluated, indeed even discovered, while he is serving in the administrative capacity of superintendent during the applicable probationary period. Competence in performing administrative duties does not necessarily indicate competence in the very different world of the classroom. Consequently, it would serve no logical purpose to award tenure as a classroom teacher to one who has served solely in an administrative capacity. We think it is the Legislature's purpose to afford school boards the opportunity during the statutory probationary period to evaluate a "teacher" acting in the capacity for which tenure is sought, either as classroom teacher, administrator, or other capacity.

It is worth noting, at this juncture, that the Legislature has carefully distinguished in the tenure act between the tenure afforded a classroom teacher and that afforded administrative personnel of a school district, especially the superintendent.

Under MCL 38.172; MSA 15.2054,[7] a tenured

---

[7] MCL 38.172; MSA 15.2054 provides:

"No teacher may waive any rights and privileges under this act in any contract or agreement made with a controlling board. In the event that any section or sections of a contract or agreement entered into between a teacher and a controlling board made continuance of employment of such teacher contingent upon certain conditions which may be interpreted as contrary to the reasonable and just causes for dismissals, provided by this act, such section or sections of a contract

classroom teacher is incapable of waiving any rights or privileges under the act in any contract or agreement made with a controlling board.

On the other hand, MCL 38.91; MSA 15.1991, (quoted in full, *supra)*, allows a teacher serving in an administrative capacity to waive the statutory right to tenure as an administrator.

The purpose of this provision has been recognized by this Court as designed to perpetuate "such local administrative control as [is] in the best public interests". *Street, supra,* 87-88.

Affording school boards flexibility in dealing with administrative personnel is consistent with the unique position such personnel occupy in the school system. A superintendent acts as the right arm of the school board, having statutory responsibility for the implementation of the educational policies of the state and of the local board in accordance with the means provided by the board. MCL 380.248; MSA 15.4248. The members of the local school board are elected representatives of the people of their district. Recognizing the fact, the Legislature has seen fit to enable school boards to retain control of their policy-making and operational functions by granting them power to contractually withhold tenure rights of administrative personnel and thereby permit the summary release of a superintendent or other administrators who do not conform to the board's posture. This is in express derogation of the general goals of the teachers' tenure act.

As this Court has stated on other occasions, the goals of the act are, broadly speaking, to "maintain an adequate and competent teaching staff,

or agreement shall be invalid and of no effect in relation to determination of continuance of employment of such teacher."

free from political and personal arbitrary interference", and to promote "good order and the welfare of the State and of the school system by preventing removal of capable and experienced teachers at the personal whims of changing office holders". *Rockwell v Crestwood School District,* 393 Mich 616, 632; 227 NW2d 736 (1975); *Rehberg v Ecorse School Dist No 11,* 330 Mich 541, 545; 48 NW2d 142 (1951).

These goals are accomplished through the protections afforded tenured teachers under the act.

No such protections are afforded administrative personnel who serve under a contract that precludes acquiring tenured status.

It follows that a superintendent will acquire tenure as a superintendent, if not precluded by contract, upon the satisfactory completion of the requisite probationary period of service *as a superintendent.* Similarly, a classroom teacher will acquire tenure *as a classroom teacher* upon satisfactory completion of the requisite probationary period in the classroom. No purpose envisioned by the act, however, is served by allowing a superintendent, who has never demonstrated ability in the classroom or been evaluated as a classroom teacher, to acquire tenure as a classroom teacher upon the completion of two years service as a superintendent.

## IV

The tenure commission erred in concluding that Bode had acquired tenure status as a classroom teacher while serving as superintendent in the Clintondale School District. Inasmuch as Bode had no tenure status, his claim of wrongful discharge or demotion was not one concerning which the

tenure commission had jurisdiction. Therefore, neither the commission nor this Court can reach the merits of that issue.

The Court of Appeals is affirmed. No costs, a public question.

COLEMAN, C.J., and FITZGERALD, J., concurred with RYAN, J.