DODGE *v.* BOARD OF EDUCATION OF THE SAGINAW
CITY SCHOOL DISTRICT

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—PRINCIPALS—TENURE
—TEACHERS' TENURE ACT.

Striking of the word "tenure" from a printed form of a contract
by which a teacher was employed by a board of education as
an elementary school principal was not equivalent to and
cannot be construed to meet the statutory requirements regard-
ing not having tenure in such capacity; therefore, as the board
did not avail itself of the only means available under the
statute to avoid it by making a provision in the contract
for no tenure, the teacher should be restored as an elementary
school principal (MCLA § 38.91).

DISSENTING OPINION

BLACK and T. E. BRENNAN, JJ.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—PRINCIPALS—TENURE
—TEACHERS' TENURE ACT.

*Plaintiff acquired no continuing tenure as an elementary school
principal under the teachers' tenure act where she was ap-
pointed an elementary school principal but, under her contract
of employment, a school district agreed to hire her and she
agreed to serve as a teacher and the word "tenure" at the
top of the contract was stricken (MCLA § 38.91).*

3. SCHOOLS AND SCHOOL DISTRICTS—PRINCIPAL—DEMOTION—SALARY
—TEACHERS' TENURE ACT.

*School principal's transfer to be a classroom teacher at the
same pay was not a demotion under the teachers' tenure act
as the word "demote" is defined in that act as meaning "to
reduce compensation or to transfer to a position carrying a
lower salary" (MCLA § 38.74).*

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 47 Am Jur, Schools § 130 *et seq.*

Appeal from Court of Appeals, Division 3,
Lesinski, C. J., and Quinn and Danhof, JJ., affirm-
ing Saginaw, Hazen R. Armstrong, J. Submitted
October 8, 1970. (No. 12 October Term 1970, Docket
No. 52,566.) Decided March 1, 1971.

17 Mich App 664 reversed.

Complaint by Eleanor Dodge against the Board
of Education of the Saginaw City School District
and Charles C. Coulter seeking reinstatement as an
elementary school principal and for injunctive re-
lief. Judgment for defendants. Plaintiff appealed
to the Court of Appeals. Affirmed. Plaintiff ap-
peals. Reversed.

*Cook, Nash, Deibel & Borrello,* for plaintiff.

*Mellinger & Mahlberg,* for defendants.

T. G. Kavanagh, J. The explicit language of Art
3, § 1* provides that if the contract of employment
of a tenure teacher in the capacity of principal
provides that such teacher shall *not* have tenure in
such capacity, the teacher will be deemed to have
tenure as a classroom teacher only. It also provides
that the *failure* of the board to so provide in the
contract shall be deemed to constitute the employ-
ment of the teacher on continuing contract in such
capacity and subject to the provisions of the act.

There is no dispute that the plaintiff here was a
tenure teacher employed by the defendant board in
the capacity of principal.

The only question we are called upon to deter-
mine is whether the employment contract provided
that the plaintiff would not have tenure as principal.

---

* MCLA § 38.91 (Stat Ann 1968 Rev § 15.1991).—Reporter.

The defendants argue that the striking of the word "tenure" from the printed form is the equivalent of the statutorily required provision that the teacher would not have tenure. We do not agree.

Were it not for the requirement of the statute that the contract make provision for *no* tenure, in order to avoid it, the absence of provision *for* tenure might be so construed, but the statute's requirement was intended to obviate the need for construction.

We are satisfied that the members of the board did not *intend* to grant the plaintiff tenure in the capacity of principal in the instant contract. We are satisfied from the record that they did not avail themselves of the only means available under the statute to avoid it.

Accordingly the decision of the Court of Appeals is reversed and the plaintiff is ordered restored to her position as an elementary school principal. The plaintiff is also entitled to the difference in compensation between what she received as a classroom teacher and the salary she would have received as principal from February 13, 1967.

Plaintiff may have costs.

T. M. Kavanagh, C. J., and Adams, J., concurred with T. G. Kavanagh, J.

T. E. Brennan, J. (*dissenting*). Before the end of his last term of office, our distinguished former colleague, the Honorable John R. Dethmers, had prepared and circulated an opinion in this cause. In my view, Mr. Justice Dethmers stated the law accurately and succinctly. I am pleased to adopt his opinion which follows:

Dethmers, J. This cause, like *Street* v. *Ferndale Board of Education* (1960), 361 Mich 82, "presents

a question of tenure in the capacity as a principal under the teachers tenure act, CL 1948, § 38.71 *et seq.* (Stat Ann 1959 Rev § 15.1971 *et seq.*)".

Plaintiff had been employed by defendant school district for 22 years as a classroom teacher. Then, in 1962, she was appointed an elementary school principal. She served as such from January of 1963 until relieved of her duties as principal February 13, 1967. For that position she had received annual contracts from defendant for the school years 1963–64, 1964–65, and 1965–66, each of which expressly provided that no tenure as principal was to be acquired thereunder. Then, for the school years 1966–67 and 1967–68, she received a contract in which the language in the previous contracts about nonacquisition of tenure did not appear. Throughout the body of the latter contract the word "teacher" alone is mentioned without any use of the term "principal". However, at the top of that contract, in its heading, before the printed words "Contract of Employment" the printed words "Tenure-Teacher" were stricken out by a typewriter and over the crossed-out words there was typed in "Elem. Prins."

When plaintiff was relieved as principal she was offered the option of employment at her same pay either as a reading improvement coordinator or as a classroom teacher. She objected to any transfer but ultimately took the job of classroom teacher with the understanding that this would not constitute a waiver of any violation of her employment rights. She has been serving ever since as classroom teacher at the same pay received by her as principal.

Thereafter plaintiff filed a circuit court suit against defendant school district and the superintendent of schools, seeking reinstatement as an ele-

mentary school principal. Her claim was that her last contract for 1966–67 and 1967–68 granted her tenure as a principal; that her transfer in positions amounted to a demotion in violation of MCLA § 38.101 (Stat Ann 1968 Rev § 15.2001); that no charges were filed nor a hearing allowed her as provided by statute. Plaintiff therefore prayed that defendants be restrained from demoting her to a lesser position and that she be restored to her position as principal. The trial court disagreed with plaintiff's theory as to tenure and demotion and entered judgment dismissing plaintiff's complaint and denying her injunctive relief. Plaintiff took an appeal to the Court of Appeals where the judgment below was affirmed (17 Mich App 664). On leave granted plaintiff to appeal, the matter is now here for decision.

The teachers tenure act, as amended, Art 1, § 1, provides:

"The term 'teacher' as used in this act shall include all certificated persons employed by any board of education or controlling board of any public educational institution."[1]

Art 1, § 4, provides:

"The word 'demote' shall mean to reduce compensation or to transfer to a position carrying a lower salary."[2]

Art 3, § 1,[3] provides that after satisfactory completion of the probationary period, a teacher shall not be dismissed or demoted except as specified in the act. The section continues:

"If the controlling board shall provide in a contract of employment of any teacher employed other

---

[1] MCLA § 38.71 (Stat Ann 1968 Rev § 15.1971).
[2] MCLA § 38.74 (Stat Ann 1968 Rev § 15.1974).
[3] MCLA § 38.91 (Stat Ann 1968 Rev § 15.1991).

than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such capacity, but shall be deemed to have been granted continuing tenure as an active classroom teacher in such school district. Upon the termination of any such contract of employment, if such controlling board shall not re-employ such teacher under contract in any such capacity, such teacher shall be continuously employed by such controlling board as an active classroom teacher. Failure of any controlling board to re-employ any such teacher in any such capacity upon the termination of any such contract of employment shall not be deemed to be a demotion within the provisions of this act. The salary in the position to which such teacher is assigned shall be the same as if he had been continuously employed in the newly assigned position. Failure of any such controlling board to so provide in any such contract of employment of any teacher in a capacity other than a classroom teacher shall be deemed to constitute the employment of such teacher on continuing contract in such capacity and subject to the provisions of this act.   *   *   *   "

Under Paragraph 2 of the contract defendants agreed to hire and plaintiff agreed to serve as *teacher*. Nothing was said about principal. Furthermore, the words "Tenure-Teacher" having been stricken from the top of the contract, it is evident that there was no intent to grant tenure as principal. Defendants say that the striking of the word "Tenure" was the equivalent of what the provision in MCLA § 38.91 (Stat Ann 1968 Rev § 15.1991), above quoted, states, namely, that the board may provide

in a contract of employment that a teacher employed as a principal "shall not be deemed to be granted continuing tenure in such capacity," the statute providing that in such event tenure as principal is not acquired. The statute as amended in 1941 by Act No. 119 provided that to avoid such acquisition of tenure the board, in its contract of employment, shall "*specifically* provide" against tenure. In the amendment by PA 1963, No 242, however the word "specifically" was omitted and it was provided, instead, that "if the controlling board shall provide in a contract of employment" that there was to be no tenure, then none was to be deemed granted in the special capacity of principal, etc. This gives weight to defendants' contention that the striking of the word "Tenure" at the top of the contract was as effective as a provision stating that there was to be no tenure. This would seem to provide all the specificality on the subject of no tenure necessary under the statute as amended in 1963. We agree with the trial court's conclusion that plaintiff acquired no continuing tenure as principal.

Had plaintiff acquired continuing tenure, she still could have had no complaint relative to the changing of her assignment or positions unless she had been subjected to a demotion. Her transfer continued her at the same pay. In *Street* v. *Ferndale Board of Education, supra,* this Court said:

" * * * it is contended that plaintiff's reassignment was a demotion, even though he was continued at the same pay * * * because the position of principal ranks higher professionally than visiting teacher. On what authority, in the record or elsewhere, that assertion is made is not indicated. The trouble with this is that the statute has defined the word 'demote' to mean 'to reduce compensation or to transfer to a position carrying a lower salary.'

Plaintiff's compensation was not reduced. While the record is silent on what other visiting teachers customarily were paid in the district, statements in the briefs that it was less than the amount plaintiff received as principal fail to obviate the fact that the particular job to which plaintiff was reassigned carried, for him at least, the same salary. It is clear from the definition in the act that the demotion against which it sought to protect teachers, as such, was of a monetary rather than a prestige character."

This language from the opinion in *Street,* even if *dicta,* as plaintiff claims, has real application here as expressive of the *ratio decidendi* in this matter.

Affirmed. No costs, a public question being involved.

BLACK, J., concurred with T. E. BRENNAN, J.

SWAINSON and WILLIAMS, JJ., did not sit in this case.