BELANGER v WARREN CONSOLIDATED SCHOOL DISTRICT,
BOARD OF EDUCATION

Docket No. 80714. Argued October 4, 1988 (Calendar No. 4). Decided
June 27, 1989.

Patricia Belanger and other tenured teachers employed by the
Warren Consolidated School District, and assigned counselor
positions, were laid off and replaced by tenured teachers with
greater seniority, who had not been assigned previously as
counselors. The plaintiffs appealed to the State Tenure Commis-
sion, which found that the plaintiffs had tenure only as class-
room teachers and not as counselors. The Oakland Circuit
Court, Gene Schnelz, J., reversed, holding that the plaintiffs
were entitled to tenure as counselors absent a tenure exclusion
in their employment contracts. The Court of Appeals, MAHER,
P.J., and SHEPHERD and G. S. ALLEN, JJ., affirmed in an unpub-
lished opinion per curiam (Docket No. 89833). The district
appeals.

In an opinion by Justice BOYLE, joined by Chief Justice RILEY,
and Justices BRICKLEY, CAVANAGH, GRIFFIN, and ARCHER, the
Supreme Court held:

A school district has discretion to deny or grant tenure only
with respect to persons employed as administrators. Persons
employed as teachers acquire teacher tenure regardless of the
positions to which they are assigned, and it is only tenured
teachers employed as administrators who are eligible for or can
be denied tenure in administrative positions.

1. Under the teacher tenure act, all teaching personnel,
including those serving in administrative capacities, may ac-
quire teacher tenure after completion of a probationary period.
Once acquired, tenure cannot be waived, and a tenured teacher
cannot be fired or demoted except for reasonable and just
cause. While school districts may grant or deny tenure with
respect to administrative positions, a tenured teacher who
accepts such a nontenured position does not forfeit teacher
tenure and may return to classroom teaching upon termination

REFERENCES

Am Jur 2d, Schools §§ 149-160.
Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

of administrative duties. Whether a district may grant or deny tenure to counselors depends on whether they are employed as teachers or as administrators.

2. In this case, the Tenure Commission correctly determined that the counselors in question did not acquire administrative tenure and, because of the necessary reduction in personnel, were properly laid off and replaced by tenured teachers with greater seniority. The circuit court's reversal on the basis of a literal interpretation of the term "teacher" leads to the arbitrary and absurd result of granting a school district the power to deny tenure to any person employed as a teacher who spends a majority of the school day outside the classroom, regardless of the amount of time spent with students. The commission's decision is in accordance with the job security envisioned by the tenure act: a guarantee of continued employment, not a guarantee of continued employment in a specific position absent a nontenure clause in a contract.

Reversed.

Justice Levin, dissenting, stated:

1. The statutory term, "other than as a classroom teacher," is not limited to persons performing administrative duties. 1963 PA 242, which expanded the authority of the school board to grant position-specific tenure by adding the words "other than as a classroom teacher, including but not limited to" before the words "superintendent, assistant superintendent [or] principal," struck the words "in such administrative capacity" thereby indicating that position-specific tenure could be granted a non-classroom teacher who did not have administrative duties.

2. The teacher tenure act provides that a tenured teacher employed other than as a classroom teacher is to be deemed to have been granted continuing tenure in that capacity unless the contract of employment provides otherwise, in which event the teacher is to be granted continuing tenure as an active classroom teacher. In this case, the contracts of employment did not exclude acquisition of tenure as counselors.

3. Under the teacher tenure act, the decision whether to allow position-specific tenure to a tenured teacher is to be determined as a matter of contract between the teacher and the school board. In this case, the employment contracts did not exclude position-specific tenure; thus, the plaintiffs were wrongfully laid off.

Schools — Teachers — Counselors — Position-Specific Tenure.

A school district has discretion to deny or grant tenure only with respect to persons employed as administrators; persons em-

ployed as teachers acquire teacher tenure regardless of the positions to which they are assigned; it is only tenured teachers employed as administrators who are eligible for or can be denied tenure in administrative positions; whether a district may grant or deny tenure to counselors depends on whether they are employed as teachers or as administrators (MCL 38.91; MSA 15.1991).

*Gayle S. Boesky* for the plaintiffs.

*Mosher, Vondale, Gierak & Baumhart, P.C.* (by *Richard U. Mosher* and *John L. Gierak*), for the defendant.

Amicus Curiae:

*Miller, Cohen, Martens & Ice, P.C.* (by *Mark H. Cousens*), for Michigan Federation of Teachers, AFL-CIO.

BOYLE, J. This Court granted leave to appeal to address the issue whether school counselors qualify for position-specific tenure under the teacher tenure act,[1] and thus are protected during layoffs at the expense of other qualified and more senior tenured teachers.

It is apparent from a reading of art 3, § 1[2]

---

[1] MCL 38.71 *et seq.*; MSA 15.1971 *et seq.*

[2] MCL 38.91; MSA 15.1991 provides:

After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act. If the controlling board shall provide in a contract of employment of any teacher employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such capacity, but shall be deemed to have been

within the context of the entire act that the Legis-
lature intended that a school district have discre-
tion to deny or grant tenure only with respect to
persons employed as administrators.

The decision of the Court of Appeals that a
school district has the power to create a separate
tenure status for teachers assigned to certain posi-
tions would subject teachers to, rather than pro-
tect them from, political and arbitrary interfer-
ences with the type of job security envisioned by
the tenure act.

Therefore, we hold that persons employed as
teachers acquire teacher tenure, regardless of the
positions to which they are assigned within the
school district, and it is only tenured teachers
employed as administrators who are eligible for, or
can be denied, tenure in an administrative posi-
tion.

Accordingly, we reverse the decision of the
Court of Appeals and reinstate the decision of the
Michigan Tenure Commission that the plaintiffs
hired as teachers and assigned counselor positions
were properly laid off and replaced by tenured
teachers with greater seniority.

granted continuing tenure as an active classroom teacher in
such school district. Upon the termination of any such contract
of employment, if such controlling board shall not re-employ
such teacher under contract in any such capacity, such teacher
shall be continuously employed by such controlling board as an
active classroom teacher. Failure of any controlling board to re-
employ any such teacher in any such capacity upon the termi-
nation of any such contract of employment shall not be deemed
to be a demotion within the provisions of this act. The salary in
the position to which such teacher is assigned shall be the same
as if he had been continuously employed in the newly assigned
position. Failure of any such controlling board to so provide in
any such contract of employment of any teacher in a capacity
other than a classroom teacher shall be deemed to constitute
the employment of such teacher on continuing contract in such
capacity and subject to the provisions of this act. Continuing
tenure shall not apply to an annual assignment of extra duty
for extra pay.

I

The plaintiffs in this case are tenured teachers who possessed valid Michigan teaching certificates with counselor endorsements during the times relevant to this discussion. In June, 1981, they each were notified they would be laid off due to a necessary reduction in personnel. At that time, one plaintiff was assigned a split counselor/teacher position,[3] and the others were assigned full-time counselor positions.[4] Their positions were subsequently filled by three tenured teachers who had greater seniority and counseling endorsements but had not been assigned previously as counselors.

Approximately two years after their layoff and after the Tenure Commission's decision in *Leonard*

---

[3] Plaintiff Belanger was first employed in September, 1970, as a teacher and was assigned to a counselor position in October, 1971. She held that position until she took a leave of absence during the 1975-76 and 1976-77 school years. When she returned from her leave she was assigned to a split counselor/teacher position for the 1977-78, 1978-79, 1979-80, and 1980-81 school years, spending more than thirty percent of her time in the capacity of counselor for the first three years and forty percent during the last year. In June, 1981, the plaintiff was laid off effective September, 1981.

[4] Plaintiff Hanley was first employed in January, 1967, as a teacher and in September, 1970, was assigned to a counselor position which she maintained until June, 1981, when she was laid off effective September, 1981.

Plaintiff Zervas was first employed in August, 1971, as a teacher and was assigned to a counselor position in August, 1976, which she held, with the exception of the period in which she was assigned to the position of English teacher, from September, 1979, to November 19, 1979, until June, 1981, when she was laid off, effective September, 1981.

Plaintiff Stanbury was employed as a teacher in 1957 and worked until 1960 when she resigned her position with the defendant school district. On August 30, 1972, she was rehired and was employed as a teacher during the 1972-73 school year. For the 1973-74 school year she was assigned to a counselor position which she held until June, 1981, when she was notified of her layoff due to a necessary reduction in personnel. Prior to the start of the 1981-82 school year she was assigned to a position as a special education teacher and served in that position during the 1981-82 and 1982-83 school years.

*v Center Line Bd of Ed,*[5] the plaintiffs filed an appeal with the Tenure Commission.[6] In *Leonard, supra,* the commission held that the plaintiff was employed in a nonclassroom position as a school counselor on the basis of the types of duties she performed in that capacity, which were administrative. It then found the school district's failure to include language in the plaintiff's employment contract specifically excluding tenure resulted in the acquisition of tenure during the time plaintiff was a counselor.

In the instant case, the Tenure Commission decided, first, that neither *Leonard, supra,* nor the prior case law[7] upon which it relied fully addressed whether a counseling position is a classroom or nonclassroom position within the meaning of art 3, § 1, and, second, that whether counselors hold nonclassroom or classroom positions depends upon the duties commonly associated with the position. The commission found that a person whose primary duties involve instruction or guidance of students is a "classroom teacher" within the meaning of art 3, § 1.[8] Thus, the plaintiffs, who

[5] Unpublished opinion of the Michigan Tenure Commission, decided December 22, 1982 (Docket No. 81 TC 82).

[6] At that time there were five plaintiffs involved in this suit. Plaintiff Server, who did not pursue this suit after the decision entered by the Tenure Commission, was first employed as a teacher/coördinator for special needs students in November, 1972, and assigned to a counselor position in September, 1975. He held this position until January 15, 1979, when he was granted a leave of absence on which he remained through June 8, 1981. In June, 1981, he was laid off effective September, 1981.

[7] In *Webb v East Detroit School Dist,* the decision merely rejected an argument that art 3, § 1, pertained only to managerial or supervisory positions, and counseling positions could never be subject to a contractual exclusion of tenure. This is consistent with the act in that, if a school district employed counselors as administrators under a separate contract, counselors could be denied or granted tenure in that capacity. Unpublished opinion of the Michigan Tenure Commission, decided May 29, 1981 (Docket No. 80-17-2).

[8] The Michigan Tenure Commission rationale in this case was

acquired tenure only as classroom teachers, were properly laid off and replaced by tenured teachers with greater seniority.

The circuit court reversed the decision on the basis that a teacher is "one that teaches or instructs,"[9] and since the primary duty of counselors is not teaching,[10] the plaintiffs were entitled to tenure as counselors, absent a specific exclusion to that effect in their employment contracts.

The Court of Appeals reversed the circuit court's decision and remanded the case to the commission with instructions that the term "classroom teacher" must be given its ordinary meaning which does not include a teacher who acts as a counselor offering guidance to students.[11] Although the panel was not persuaded that counselors are

divided into two sections. The first section addressed the statutory definition of teacher:

> We find that the outside parameters of the definition of "classroom teacher" as used in Article III Section 1 can be determined by analysis of the statute itself. First, a teacher is defined as "all certificated persons . . ." MCL 38.71; MSA 15.1971. Before a person can become subject to Article III, he or she must have satisfactorily completed the probationary period. During the mandatory two year probationary period the person must hold a certificate which is "valid for the position to which he is assigned" [1979 AC] R 390.661[1]. Further, the person must be assigned to a position which requires specific certification to fall within this definition. . . . Thus, we find that the term "classroom teacher" as used in Article III Section 1, excludes any position which does not carry a specific certification requirement. [*Belanger v Warren Consolidated Schools,* unpublished opinion of the Michigan Tenure Commission, decided April 2, 1985 (Docket Nos. 83-28-31, 83-41).]

[9] *Webster's Third New International Dictionary, Unabridged Edition* (1981).

[10] The circuit court decided that the Tenure Commission had inaccurately defined "classroom teacher," that is, that the term encompasses all persons whose primary duty involves the instruction or guidance of students.

[11] *Belanger v Warren Consolidated Schools,* unpublished opinion per curiam of the Court of Appeals, decided April, 1, 1987 (Docket No. 89833).

"classroom teachers" for purposes of the statute and technically are not administrators since their positions are not policymaking positions, they held that the determination as to whether to allow administrative tenure to a teacher employed as a counselor was to be governed by the contract between the teacher and the school board. This Court granted leave to address the issue whether school counselors qualify for position-specific tenure under MCL 38.91; MSA 15.1991.[12]

II

To determine whether teachers acquire administrative tenure as counselors, we must first look to art 3, § 1, of the teacher tenure act, which provides in part:

> If the controlling board shall provide in a contract of employment of any teacher employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such capacity, but shall be deemed to have been granted continuing tenure as an active classroom teacher in such school district. [MCL 38.91; MSA 15.1991.]

More specifically, the Court must determine what is meant by "employment of any teacher employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head

---

[12] *Belanger v Warren Bd of Ed,* 430 Mich 856 (1988).

or director of curriculum," for purposes of, and within the context of, art 3, § 1, the tenure act.

While "classroom teacher" is not defined in the act, the dissent's literal definition of a teacher as one who "teaches or instructs" ignores altogether that "teacher" is defined as "all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution."[13] Just as "teacher" is not used literally in the act, neither must "classroom," and there is no support for the adoption by the Court of a literal definition of "classroom teacher," as one who "teach[es] or provide[s] instruction in a classroom setting."

Instead, both the language of the act and the history of its enactment support substituting a functional definition for a literal definition of "classroom teacher." That "classroom teacher" is used in contrast to one whose primary duties do not involve instruction or guidance of students is evidenced by the fact that the general term "other than as a classroom teacher" is followed by the specific, "including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum . . . ." Where specific words follow general ones, the doctrine of ejusdem generis restricts application of the general term to things that are similar to those enumerated:

> The rule "accomplishes the purpose of giving effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular words."

[13] MCL 38.71; MSA 15.1971.

The resolution of this conflict by allowing the
specific words to identify the class and by restrict-
ing the meaning of general words to things within
the class is justified on the ground that had the
legislature intended the general words to be used
in their unrestricted sense, it would have made no
mention of the particular words. [2A Sands, Suth-
erland Statutory Construction (4th ed), § 47.17, p
166.]

If the general term were given its full and natural
meaning, it would include the objects designated
by the specific words, making the latter superflu-
ous.[14]

The phrase "other than as a classroom teacher"
would, at first blush, seem broad enough to include
counselors, librarians, and essentially any teacher
whose *primary* duty did not involve "teach[ing] or
provid[ing] instruction in a classroom setting." It is
apparent, however, from a reading of the entire
provision that the term "classroom teacher" is
used in contrast to the term "administrator," i.e.,
a person whose duties do not ordinarily involve
actual work with students which are positions
similar to those enumerated in the statute.

Further, a review of the history and purpose of
the tenure act[15] also supports the conclusion that

---

[14] Therefore, the meaning of the language "other than a classroom
teacher" cannot be construed without reference to the entire provi-
sion, the words and clauses which precede and those which follow,
because "[e]very word of a statute should be given meaning and no
word should be treated as surplusage or rendered nugatory if at all
possible." *Baker v General Motors Corp*, 409 Mich 639, 665; 297
NW2d 387 (1980).

[15] Where there is genuine uncertainty concerning its applications,
before the meaning of the statute can be determined, consideration
must be given to the problem in society to which the Legislature
addressed itself when enacting the statute and the amendments
which allowed school boards to insert a nontenure clause in contracts
of employment of tenured teachers. 2A Sands, Sutherland Statutory
Construction (4th ed), § 45.02, p 5.

the Legislature intended[16] that a school district have flexibility in establishing only which administrative positions should carry tenure status. As enacted in 1937, art 3,[17] § 1, of the tenure act provided:

> After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act. [1937 (Ex Sess) PA 4.]

Because there is no requirement in the act that the person so employed must, in fact, teach,[18] all teaching personnel, including those in administrative capacities, may acquire tenure after completion of a probationary period.[19] In addition, tenure

[16] The Court recognizes that "while intent must be inferred from the language used, it is not the meaning of the particular words only in the abstract or their strictly grammatical construction alone that governs. The words are to be applied to the subject matter and to the general scope of the provision, and they are to be considered in light of the general purpose sought to be accomplished or the evil sought to be remedied by the constitution or statute." *White v Ann Arbor,* 406 Mich 554, 562; 281 NW2d 283 (1979).

[17] The original tenure act, art 3, contained two sections, the second of which provided:

> In the event that a teacher on continuing tenure is employed by another controlling board, he shall not be subject to another probationary period of more than one year, and may at the option of the controlling board be placed immediately on continuing tenure.

[18] The term "teacher" includes "all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution," and the successful completion of a probationary period is the only requirement for tenure status. MCL 38.71; MSA 15.1971. See also MCL 38.81; MSA 15.1981.

[19] The Court held in a plurality opinion that a superintendent could earn tenure as a classroom teacher by serving in his administrative capacity for the probationary period. *Bode v Roseville School Dist,* 405 Mich 517; 275 NW2d 472 (1979), reh den 406 Mich 1121 (1979). The Court also noted that a superintendent can be a teacher under the definition provided in art 1, § 1, of the tenure act. *Id.,* p 527.

cannot be waived once acquired,[20] nor can a school district discharge or demote a tenured teacher except for reasonable and just cause.[21]

"[A]pparent public dissatisfaction with such shackles on local control of school administration brought about the 1941 amendment[22] providing for the exemption [of tenure], by contract, of those in administrative capacities . . . ." *Street v Ferndale Bd of Ed*, 361 Mich 82, 87; 104 NW2d 748 (1960). The exclusion[23] allows school districts to deny, or grant, tenure in an administrative position,[24] and assures that a tenured teacher who accepts a

[20] Under MCL 38.172; MSA 15.2054, "No teacher may waive any rights and privileges under this act in any contract or agreement made with a controlling board."

[21] MCL 38.101; MSA 15.2001. Demotion is defined in the act as "to reduce compensation or to transfer to a position carrying a lower salary." MCL 38.74; MSA 15.1974.

[22] The provision as amended in 1941 provided:

That when the controlling board of any school district shall specifically provide in each contract of employment of any teacher employed as superintendent, assistant superintendent, or principal, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such administrative capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such administrative capacity, but shall be deemed to have been granted continuing tenure as an active class room teacher in such school district. [1941 PA 119.]

[23] However, in the absence of an express contract exclusion, a teacher gains tenure in an administrative position, and the school district bears the burden, under the teacher tenure act and the School Code, of expressly denying administrative tenure in a written contract with the teacher. *Dodge v Saginaw Bd of Ed*, 384 Mich 346; 183 NW2d 793 (1971).

[24] As nontenured personnel they are not entitled to the protections provided by the tenure act and to allow a school district the power to summarily release a superintendent or any other administrator who does not conform to the board's posture is in express derogation of the general goals of the teacher tenure act. *Bode*, n 19 *supra*, p 541 (RYAN, J., dissenting). However, the Legislature saw fit to enable school boards to retain control of their policymaking and operational functions by granting them power to contractually withhold tenure rights of administrative personnel.

nontenured position does not forfeit the right to
return to the classroom as such upon termination
of the administrative duties. *Bode v Roseville School
Dist,* 405 Mich 517, 524; 275 NW2d 472 (1979).

In 1963, the provision was amended again to
expand the scope of the types of positions for
which a school district could exclude tenure pursu-
ant to the employment contract. However, the
class to which the right was extended was de-
scribed as "including,"[25] but not limited to "super-
intendent, assistant superintendent, principal, de-
partment head or director of curriculum . . . ."
1963 PA 242. While the new list of positions is no
longer exclusive, the types of jobs generic to the
list provided indicate that the provision contem-
plates that the school district has discretion re-
garding tenure status only with respect to admin-
istrative positions.

Under the act, a teacher may acquire either
teacher tenure or administrative tenure. Accord-
ingly, when a teacher claims tenure status under
art 3, § 1, the decision regarding that claim is
made on the basis of the statutory construction of
the language of both the tenure act and the provi-
sion in the code which addresses employment con-
tracts for administrative personnel.[26] See *Dodge v*

[25] The word "include" can be used as a term of enlargement and of
limitation, and the word in and of itself is not determinative of how it
is intended to be used. *Surowitz v Pontiac,* 374 Mich 597, 606; 132
NW2d 628 (1965).

[26] That section of the code provides:

The board may employ assistant superintendents, principals,
assistant principals, guidance directors, and other administra-
tors who do not assume tenure in position, for terms, not to
exceed 3 years, fixed by the board and shall define their duties.
The employment shall be under written contract. Notification
of nonrenewal of contract shall be given in writing at least 60
days before the contract termination date or the contract is
renewed for an additional 1-year period. [MCL 380.132(2); MSA
15.4132(2).]

*Saginaw Bd of Ed,* 384 Mich 346; 183 NW2d 792
(1971); *Smiley v Grand Blanc Bd of Ed,* 416 Mich
316; 330 NW2d 416 (1982); *Bode, supra; Goodwin v
Kalamazoo Bd of Ed,* 82 Mich App 559; 267 NW2d
142 (1978).[27]

The underlying philosophy of art 3, § 1, and the
related provisions in the School Code, is to enable
"local school boards to tailor their administrative
tenure policies accordingly." *Smiley, supra,* p 327.
Thus, whether a school district may deny or grant
tenure to counselors will depend on whether a
school district employs counselors as administrators.

### III

The Tenure Commission correctly held that it is
the nature of the duties performed by a teacher
which will determine the capacity in which the
person is employed and, thus, whether the position
is one for which tenure status can be denied. The
decision that counselors are classroom teachers for
purposes of art 3, § 1, is based on a reasonable
interpretation of the act and is consistent with the
purpose of the amendment that a controlling
board have discretion to deny tenure only to teach-

[27] The dissent's reliance on *Goodwin* and *Smiley, supra,* is misplaced, as these cases have application only after the threshold issue is addressed, that is, whether the position in question is " 'other than a classroom teacher, including but not limited' " for purposes of the statute. *Post,* p 594.

In *Goodwin,* p 566, the Court of Appeals addressed the issue whether a tenured teacher who accepts an administrative position which does not require certification can be granted tenure in that position. The panel held that if a contract of a tenured teacher acting as an administrator does not specify the individual is to be denied tenure, tenure is granted in the position, regardless of whether certification is required.

Both the Court of Appeals and the dissent in the present case have applied the holdings of the aforementioned cases without answering the threshold question whether the position is an administrative position within the defendant school district.

ers employed as administrators, while protecting teachers in the security of their tenured status. *Goodwin, supra,* p 568.

The circuit court overturned the commission's decision on the basis of its determination that "classroom teacher" should be given its plain and ordinary meaning. However, a literal interpretation is appropriate only when the language is clear and susceptible to a literal reading that results in a conclusion *not inconsistent* with the purpose of the statute.[28] In this case it leads to the arbitrary and absurd result that the Legislature intended that a school district have the power to deny tenure to any person employed as a teacher, but who spends the majority of the school day outside of a classroom, regardless of how much of the time is spent with students.

The Court of Appeals erred in assuming the statute contemplates a special tenure status for all teachers who hold a nonclassroom position, absent a nontenure clause in the employment contract between the teacher and the school board.[29] First,

[28] See *Oakland Co v Michigan,* 432 Mich 49, 64, n 5; 438 NW2d 61 (1989).

[29] However, neither the Court of Appeals nor the dissent has indicated which provision of the Administrative Procedures Act it relied on in its decision to reverse the decision of the Tenure Commission. The scope of review of an administrative agency is delineated in § 106 of the Administrative Procedures Act which provides:

(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

(a) In violation of the constitution or a statute.

(b) In excess of the statutory authority or jurisdiction of the agency.

(c) Made upon unlawful procedure resulting in material prejudice to a party.

(d) Not supported by competent, material and substantial evidence on the whole record.

the contract under which the plaintiffs were em-
ployed does not distinguish between teachers and
counselors, and, second, under the act, a school
district cannot insert a nontenure clause in any
contract of a person employed as a teacher because
tenure status cannot be waived.[30]

However, administrators are employed under a
separate contract.[31] Thus, it is the contract be-
tween the school district and the *teacher employed
as an administrator,* not the contract between the
district and the *teacher employed as a teacher,*
which must specify whether the individual is de-
nied tenure in the administrative position. There
would be no logic in a decision which would re-
quire a school district to insert a nontenure clause
in the contract of a person employed as a teacher
and assigned to a counselor position in order to
prevent that person from acquiring administrative
tenure.

The decision of the Court of Appeals defeats
rather than promotes the purposes of the tenure
act, and further exemplifies why judicial review of
agency decisions "must be undertaken with consid-
erable sensitivity in order that the courts offer due
deference    to    administrative    expertise    . . . ."

(e) Arbitrary, capricious or clearly an abuse or unwarranted
exercise of discretion.

(f) Affected by other substantial and material error of law.

(2) The Court, as appropriate, may affirm, reverse or modify
the decision or order or remand the case for further proceed-
ings. [MCL 24.306; MSA 3.560(206). See also Const 1963, art 6,
§ 28.]

[30] See MCL 38.172; MSA 15.2054.

[31] The collective bargaining agreement in effect between the defen-
dant school district and the administrators association at that time
listed all the positions governed by the agreement and noted that,
consistent with past policy, individual contracts of employment with-
out administrative tenure could be offered to the members of the
association.

*MERC v Detroit Symphony Orchestra,* 393 Mich 116, 124; 223 NW2d 283 (1974).

The majority of school districts in the state have bargaining agreements which provide for seniority rights for all teachers and, at the same time, do not restrict school boards from transferring teachers to appropriate positions within the district. Such agreements recognize that teacher-tenure legislation was enacted to protect competent and qualified teachers in the security of their positions and to protect them, after having undergone an adequate probationary period, against removal for unfounded reasons.[32] 78 CJS, Schools & School Districts, § 180, p 1011.

The lower courts' determination that counselor positions are nonclassroom positions for purposes of art 3, § 1 would subject teachers to, rather than protect them from, political and arbitrary interferences with the type of job security envisioned by the tenure act. It would allow school districts to create a separate tenure status for teachers assigned to certain positions, separate and apart from teacher tenure, and, by merely assigning favored teachers to these positions, arbitrarily protect these teachers from layoffs at the expense of other qualified, certified, and more senior tenured teachers.

---

[32] The growth of the tenure movement was facilitated by a recognition that the instability of the teaching body was the result of the unlimited power of school boards to hire and fire their employees at will. The large turnover in the profession was due to certain practices which were widespread throughout the country. Noted among them were discharge 1) for political reasons, 2) to allow for placement of friends and relatives of board members or influential citizens, and 3) to effect economies by creating vacancies to be filled by lower salaried, inexperienced employees.

Of these practices the first was exceedingly influential in challenging the attention of the public to the injury of professional morale and efficiency resulting from the misuse of control vested in administrative agencies. The remedy for such abuses was sought in legislation designed to strip the school boards of their autocratic power. Comment, *Teachers' tenure legislation,* 37 Mich L R 430, 431-432 (1939).

In the present case, the commission has interpreted the statute in the manner in which it is generally understood and consistent with the purpose of the tenure act, which is to prevent school boards from arbitrarily discharging or demoting tenured teachers.

### CONCLUSION

There is no support for a conclusion that the Legislature intended that a school district have the power to deny tenure to any person employed as a teacher whose primary duty is not teaching in the classroom.

The Tenure Commission correctly determined that the plaintiffs did not acquire administrative tenure as counselors and, because of the necessary reduction in personnel, were properly laid off and replaced by tenured teachers with greater seniority. This decision is in accordance with the job security envisioned by the tenure act which is a guarantee of continued employment and not a guarantee of continued employment in a specific position, absent a nontenured clause in the contract.

Accordingly, we reverse the decision of the Court of Appeals and reinstate the decision of the Tenure Commission.

RILEY, C.J., and BRICKLEY, CAVANAGH, GRIFFIN, and ARCHER, JJ., concurred with BOYLE, J.

LEVIN, J. (*dissenting*). The question presented is whether the plaintiffs, tenured school teachers, acquired position-specific tenure as counselors with the defendant school district and thus were wrongfully laid off when they were replaced by tenured

teachers with greater seniority who did not have position-specific tenure as counselors.

I would hold that the teacher tenure act[1] contemplates that each school district may determine whether the employment contract it enters into shall exclude position-specific tenure for a non-classroom position, and that the plaintiffs were wrongfully laid off because the employment contracts with the plaintiffs did not exclude such tenure.

I

Plaintiffs, Patricia Belanger, Helen Hanley, Bonnie Zervas, and Norma Stanbury, were tenured teachers who were assigned counseling positions with the defendant Warren Consolidated School District. In 1981, the school district laid off a number of teachers. Plaintiffs were laid off and tenured teachers with greater seniority, who had not theretofore been employed as counselors, assumed their positions.[2]

The plaintiffs appealed to the Tenure Commission which found that they had tenure only as classroom teachers and not as counselors. The circuit court, on appeal, reversed, holding that plaintiffs were entitled to tenure as counselors absent a tenure exclusion in their employment contracts. The Court of Appeals affirmed.[3] I would affirm.

II

The teacher tenure act provides that after com-

---

[1] MCL 38.71 et seq.; MSA 15.1971 et seq.

[2] It is not asserted that the pertinent collective bargaining agreement addressed the specific question here presented. It appears that a subsequent collective bargaining agreement bars a member of the bargaining unit who has not previously attained tenure in a position other than as a classroom teacher from obtaining position-specific tenure.

[3] Unpublished opinion per curiam of the Court of Appeals, decided April 1, 1987 (Docket No. 89833).

pletion of a probationary period, a teacher shall be employed continuously and shall not be dismissed or demoted except as specified in the act.[4] The act further provides that a teacher "employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum" shall be deemed to have been granted continuing tenure in such capacity unless the contract of employment provides otherwise, in which event a teacher who is employed other than as a classroom teacher shall be granted continuing tenure as an active classroom teacher.[5]

The contracts of employment with the plaintiff teachers did not exclude their acquiring tenure as counselors. The question presented thus narrows to whether a tenured teacher employed as a counselor is "employed other than as a classroom teacher" within the meaning of the act and acquires position-specific tenure absent a contrary provision in the contract of employment.

In *Smiley v Grand Blanc Bd of Ed,* 416 Mich 316, 327; 330 NW2d 416 (1982), this Court, in holding that teachers who had been originally

---

[4] After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act. If the controlling board shall provide in a contract of employment of any teacher employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such capacity, but shall be deemed to have been granted continuing tenure as an active classroom teacher in such school district. [MCL 38.91; MSA 15.1991.]

[5] *Id.*

employed under contracts excluding position-specific tenure had not acquired such tenure, quoted with approval the explanation in *Goodwin v Kalamazoo Bd of Ed,* 82 Mich App 559, 566, 568; 267 NW2d 142 (1978), of the "underlying philosophy" of the act. The Court of Appeals there had held that a tenured classroom teacher employed as the director of buildings and grounds had acquired position-specific tenure.

The Court, in *Goodwin,* said that the statute authorizes "individual school districts to determine which administrative positions should carry tenure." The statute does not, said the Court, "dictate categories of administrative positions which carry tenure as a matter of law." The Court said that "[i]n view of the wide range and size of school districts, the statute enables local school boards to tailor their administrative tenure policies accordingly. The statute does not attempt to dictate uniform tenure policies for administrators in all school districts." Since the contract with the plaintiff as director of buildings and grounds did not deny him tenure, he had achieved position-specific tenure.

The decision whether to allow position-specific tenure to a tenured teacher is to be determined under the act as a matter of contract between the teacher and the school board. I agree with the Court of Appeals, "One school board may wish to allow its counselors to gain tenure while another may not."

The school district and amicus curiae teacher unions contend that it is unwise and unfair from a policy standpoint to lay off a classroom teacher with greater seniority than a counselor who has acquired position-specific tenure. It appears that the school district and the union have implemented that view by providing, in a collective

bargaining agreement entered into after the plaintiffs were laid off, that a member of the bargaining unit who has not previously attained tenure in a position other than as a classroom teacher shall not be deemed to have position-specific tenure for a nonclassroom position, but shall be deemed to have tenure as an active classroom teacher. School districts that wish to enter into such agreements may do so. I would decline to impose that policy preference on school districts that do not agree with that policy by adopting a construction of the act contrary to the "underlying philosophy" stated in *Smiley* and *Goodwin.*

III

The Tenure Commission created its own functional definition of "classroom teacher," stating that a classroom teacher is a person whose "primary duties involve instruction or guidance of students," and declared that counselors are classroom teachers because they provide instruction and guidance to students.[6] Neither the Tenure Commission nor the school district have pointed to anything in the language of the act or the history of its enactment that supports substituting a functional definition for a literal definition of "classroom teacher."

The Tenure Commission's functional definition ignores altogether the word "classroom." A coun-

---

[6] The Tenure Commission also said that the term "other than as a classroom teacher" excludes any position that carries a specific certification requirement. The State Board of Education has established a specific certification requirement for counselors. There is not, however, such a limitation in the act.

In an earlier decision, *Leonard v Center Line,* unpublished opinion of the Tenure Commission decided December 22, 1982 (Docket No. 81 TC 82), the Tenure Commission had held that the counselors there had acquired position-specific tenure.

selor's office is not a classroom or a classroom setting. The Tenure Commission's functional definition also ignores the general meaning of the word "teacher" to the extent it would encompass the function of a person who only occasionally and generally infrequently provides "guidance" or "instruction" to a particular student.

I agree with the circuit judge and the Court of Appeals that the term "classroom teacher" does not include a person who, while offering instruction and guidance to students, does not teach or provide instruction in a classroom setting.[7]

The school district would limit the term "other than as a classroom teacher" to persons performing administrative duties. 1963 PA 242, which expanded the authority of the school board to grant position-specific tenure by adding the words "other than as a classroom teacher, including but not limited to" before the words "superintendent, assistant superintendent [or] principal," struck the words "in such administrative capacity" thereby indicating that position-specific tenure could be granted a nonclassroom teacher who did not have administrative duties.

I would affirm the Court of Appeals.

---

[7] This would, of course, include a gymnasium, a laboratory, a wood- or metal-working shop or other place that a class meets.