REQUESTED BY: Les Tyrrell, Director Nebraska Real Estate Commission
You have requested the opinion of this office with regard to the effect, if any, of the notification provisions of the Sex Offender Registration Act on the Commission's enforcement of existing statutes and regulations concerning disclosure of adverse material facts and the Commission's adoption of future regulations on the subject.
We will first review the relevant statutes and regulations. We assume, by your questions, that your inquiries concern the duty of a seller's agent to disclose certain adverse material facts to a potential buyer. That duty is set out at Neb. Rev. Stat. §76-2417(3)(a) (1996) as follows:
 (3)(a) A licensee acting as a seller's or landlord's agent owes no duty or obligation to a customer, except that a licensee shall disclose in writing to any customer all adverse material facts actually known by the licensee. The adverse material facts may include adverse material facts pertaining to: (i) Any environmental hazards affecting the property which are required by law to be disclosed; (ii) the physical condition of the property; (iii) any material defects in the property; (iv) any material defects in the title to the property; or (v) any material limitation on the client's ability to perform under the terms of the contract.
The term "adverse material fact" is also defined at Neb. Rev. Stat. § 76-2403 (1996) as follows:
 Adverse material fact shall mean a fact not reasonably ascertainable or known to a party which significantly affects the desirability or value of the property to that party or which establishes a reasonable belief that another party will not be able to, or does not intend to, complete that party's obligations under a contract creating an interest in real property.
The Commission has also promulgated regulations which define the actions demonstrating negligence, incompetency, or unworthiness under Neb. Rev. Stat. § 81-885.24(29) so as to include the failure to disclose certain adverse material facts. 299 NAC 5-003.20 provides that one of the actions for which a real estate licensee may be disciplined is as follows:
 Failure to disclose, in writing, to a buyer, at or prior to the time the buyer signs an Offer to Purchase, an adverse material fact regarding the condition of a parcel of real estate of which a broker or salesperson has knowledge. Said written disclosure shall be signed by the buyer and a copy of the signed disclosure shall be maintained in the transaction file on that parcel of real estate in accordance with 299 NAC 3-001. An adverse material fact is one which significantly affects the desirability or value of the property, and which is not reasonably ascertainable or known to the buyer.
Our review of your current regulations reveals that the Commission has not previously attempted to further define the term "adverse material fact" or to list specific examples of facts which must be disclosed.
You have requested our opinion with regard to the impact of the Sex Offender Registration Act found at Neb. Rev. Stat. §§29-4001 to 29-4013 (Supp. 1996 and LB 204, Laws 1998). The Act requires certain sex offenders to register with local law enforcement agencies and, as amended in 1998, authorizes the Nebraska State Patrol to adopt rules and regulations concerning the release of information concerning the registered sex offenders. Neb. Rev. Stat. § 29-4013 provides for three levels of notification depending on the risk of recidivism by the sex offender. If the risk of recidivism is low, only other law enforcement agencies likely to encounter the sex offender are to be notified. If the risk of recidivism is moderate, notice will also be given to schools, day care centers, and religious and youth organizations. If the risk of recidivism is high, the statute also allows the public to be notified by direct contact, news releases or a telephone system. It is our understanding that the Nebraska State Patrol has not yet promulgated regulations to implement the notification provisions of the Act.
Finally, you state in your opinion request that it is likely that real estate licensees "will gain actual knowledge of registration information by virtue of their employment by or affiliation with schools, day care centers, and religious and youth organizations" and "will gain actual knowledge of registration information as members of the public."
We will now address the questions which you have posed in your request.
1. Whether actual knowledge concerning a registered sex offender, gained by a real estate licensee through the notification provisions of LB 204, constitutes or may constitute an adverse material fact under existing law?
First, we are answering your questions in the context of the Commission's role in disciplining real estate licensees for violations of Nebraska statutes and regulations. We are not authorized to provide legal opinions to private citizens and are not attempting to speak to the potential liability of real estate licensees to buyers or other parties in the event they disclose or fail to disclose knowledge regarding registered sex offenders. The real estate licensees may wish to consult their own attorneys regarding potential liability.
Accepted rules of statutory construction require that we construe together all statutory components of an act so that different provisions of the act are consistent and harmonious and that we give greater weight to statutes which contain specific provisions on the subject, rather than to statutes which are more general in nature. State ex rel. Stenberg v. Murphy,247 Neb. 358, 527 N.W.2d 185 (1995); AMISUB v. Board of County Comm'rs ofDouglas County, 244 Neb. 657, 508 N.W.2d 827 (1993). While Neb. Rev. Stat. § 76-2403 rather broadly defines the term "adverse material fact" as one which "significantly affects the desirability or value of the property to that party," we find Neb. Rev. Stat. § 76-2417(3)(a) to be the more specific statute with regard to the duty of a licensee to a potential buyer. The presence of a registered sex offender in the vicinity of the property listed for sale does not appear to us to be included within the list of adverse material facts found in § 76-2417(3)(a). It is doubtful that the statutory list of adverse material facts would be considered an exclusive list as the statute merely provides that the adverse material facts required to be disclosed "may include" the enumerated categories of facts. However, the statutory categories of facts which must be disclosed pertain to the particular property listed for sale and its condition or defects rather than to neighborhood circumstances such as crime rates, use of nearby properties or the identity of particular neighbors. Therefore, while the statutory list of facts to be disclosed may not be exclusive, we think it likely that a court would construe "adverse material facts" to include factual circumstances of the same type as those listed and not circumstances pertaining to the surrounding neighborhood.
This interpretation is supported by the statutory construction doctrine of ejusdem generis which "gives effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by particular words."Belanjer v. Warren Consol. School Dist., 432 Mich. 575,443 N.W.2d 372 (1989). Stated another way, specific words or terms modify and restrict the interpretation of general words or terms where both are used in sequence. See Boersma v. Karnes,227 Neb. 329, 417 N.W.2d 341 (1988); Kuntzelman v. Avco Financial Services,206 Neb. 130, 291 N.W.2d 705 (1980).
We have found no Nebraska cases which discuss or further define adverse material facts in this context. We also note that the rules of statutory construction discussed above are only aids to interpretation and a court would not be bound by those rules. Therefore, we have no clear answer to your first question. However, it does not appear that the legislature intended the term "adverse material facts" to include circumstances in the surrounding neighborhood of a property listed for sale.
2 and 4. Whether the Real Estate Commission has the authority under existing law to require a real estate licensee to disclose his or her actual knowledge concerning a registered sex offender, gained through the notification provisions of LB 204, to a potential buyer of real estate at the time or before the buyer enters into an Offer to Purchase real estate?
Whether the Real Estate Commission has the authority, pursuant to Neb. Rev. Stat. § 81-885.07(5) and § 76-2430, to adopt regulations which exclude some or all of a licensee's actual knowledge concerning registered sex offenders, gained through the notification provisions of LB 204, from required disclosure to buyers as an adverse material fact, or to adopt regulations which are otherwise consistent with LB 204 and its implementing regulations?
As it is impossible for the legislature to specify all regulations which are necessary for an agency to achieve the legislature's purpose, the legislature may delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute. Administrative boards and agencies may express their interpretation of laws they are charged with administering through the rulemaking procedure. "The primary function of a regulation is to interpret an ambiguous statute and clarify its meaning." Northern Natural Gas Co. v. O'Malley,277 F.2d 128, 134 (8th Cir. 1960). Yet, an agency has only that authority conferred upon it by statute and may not use its rulemaking authority to modify, alter, enlarge or contradict the statutory provisions the agency is charged with administering. Inre Application A-16642, 236 Neb. 671, 463 N.W.2d 591 (1990);Cornhusker Christian Children's Home, Inc. v. Department ofSocial Services, 227 Neb. 94, 416 N.W.2d 551 (1987); State ex rel.Spire v. Stodola, 228 Neb. 107, 421 N.W.2d 436 (1988).
In this case the Commission has been given general authority to promulgate regulations "to carry out Sections 76-2401 to76-2430." Neb. Rev. Stat. § 76-2430. The Commission may also promulgate regulations "relating to the administration of but not inconsistent with" the Nebraska Real Estate License Act. Neb. Rev. Stat. § 81-885.07(5) (1996).
While the Commission arguably has general authority under §76-2430 to flesh out and interpret the statutory provisions pertaining to adverse material facts, in order to be valid, any such regulation must be consistent with the statutes. For the reasons stated in response to your first inquiry, it is certainly questionable whether regulations regarding the disclosure of area sex offenders would be deemed consistent with the intent of the legislature expressed in § 76-2417(3)(a). In our opinion, the better answer is that the Commission lacks authority for such regulations. You also refer in your request to adopting regulations "consistent with LB 204 and its implementing regulations." As the Nebraska State Patrol has not yet promulgated regulations pursuant to LB 204, we are unable to respond to that inquiry at this time.
3. Whether a requirement by the Real Estate Commission that a licensee disclose his or her actual knowledge concerning a registered sex offender, gained under the notification provisions of LB 204, to persons who would not otherwise be notified by law enforcement officials under the provisions of LB 204, constitutes state action which may affect the enforceability of the notification provisions of LB 204?
We have contacted the Commission for a clarification of question three. It is now our understanding that the Commission is concerned that a requirement that licensees disclose their actual knowledge regarding the location of sex offenders to potential buyers of property may conflict with or usurp the notification provisions of LB 204. The example furnished was a situation in which a licensee obtains knowledge of a level two sex offender by virtue of the licensee's position with a school, day care center or religious or youth organization, and is then required by the Commission to disclose that information to members of the general public (buyers) who would not otherwise be notified of a level two sex offender pursuant to LB 204. This potential conflict with the intent of LB 204 lends further support to our previous response that the Commission lacks clear authority to promulgate such a regulation.
5. and 6. Whether the Real Estate commission and its employees are immune from liability for good faith conduct under Section 29-4012 of the Sex Offender Registration Act? Whether real estate licensees, acting pursuant to Real Estate Commission regulations, are immune from liability for good faith conduct under Section 29-4012?
Neb. Rev. Stat. § 29-4012 (Cum. Supp. 1996) provides that "[L]aw enforcement officials, their employees, and state officials shall be immune from liability for good faith conduct under the Sex Offender Registration Act." The term "state officials" is not specifically defined for purposes of the Act and our review of the legislative history of the Act was not helpful. However, in our view, the plain language of the statute provides immunity only for those state officials with duties to perform under the Act.
As the Commission members and employees have no specified duties or obligations under the Sex Offender Registration Act, §29-4012 does not appear applicable to them. Further, as real estate licensees are not state officials in any sense, § 29-4012
clearly does not apply to licensees.
The Commission's concern about whether information about a neighborhood should be disclosed to potential home buyers is understandable. Should home buyers be advised of the number of residential burglaries in the neighborhood in the last year? Should they be advised whether any drug dealers have been arrested in the neighborhood recently or whether known drug dealers are living in the neighborhood? Should they be advised about whether any sexual assaults have occurred in the neighborhood recently or whether a registered sex offender is living in the neighborhood? On the one hand, perhaps a real estate sales person should advise a perspective buyer about certain of these facts or about all of them. On the other hand, perhaps the investigation into those issues should be left to the home buyer. As we indicated, in our opinion, if licensed real estate professionals are to be required to make these types of disclosures, then it will be necessary for the Legislature to act to authorize the imposition of these requirements.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General